OPINION
{¶ 1} Defendant-appellant, George Fulton, appeals his convictions in the Clermont County court of Common Pleas for rape and gross sexual imposition ("GSI"). We affirm the convictions.
 {¶ 2} Appellant and Melissa Loggins were married in February of 1984. Their first child, A.F., was born on August 16, 1984. Two additional children were born issue of the marriage in 1986 and 1988, respectively.
 {¶ 3} The parties divorced in February 1991. Melissa obtained custody of the children. Appellant had "guideline" visitation with the children every other weekend at his home in Goshen, Ohio. In late September 2000, at the age of 15, A.F. told her mother that appellant had raped her in 1991 when she was six years old. A.F. stated the rape occurred while she was visiting appellant. A.F. told her mother that while she was watching MTV at appellant's residence, he asked her to watch television with him in his bedroom. A.F. stated that appellant was only wearing his underwear, which he removed when she entered the room. She stated that he then asked her to remove all of her clothing, which she did. A.F. told her mother that appellant then poured baby oil on his hand, rubbed it into her vagina, and then engaged in intercourse with her. A.F. also related another incident where she went to sleep at appellant's residence while he was the only other occupant in the dwelling. A.F. stated that she went to sleep wearing clothing, but woke up without her pants and underwear on. Furthermore, when she woke up without her clothing she "was like wet, you know."
 {¶ 4} On September 29, 2000, Loggins filed a domestic violence petition in Butler County Domestic Relations Court based on A.F.'s allegations. Upon investigating the allegations, Goshen Police Officer Jeff Lacey discussed the possibility of appellant submitting to a polygraph examination. Appellant and his attorney, Grace Thompson, agreed to the polygraph examination.
 {¶ 5} Appellant submitted to a polygraph examination on December 5, 2000. Appellant agreed in writing to "be interviewed and or polygraphed." Trooper James Slusher of the Ohio State Highway Patrol administered the polygraph test. After the test was terminated, appellant admitted to touching A.F.'s bare vagina in the course of giving her a massage.
 {¶ 6} Appellant was indicted for rape and gross sexual imposition on December 20, 2000. A jury trial began on March 26, 2002. After the jury was impaneled, the trial court allowed appellee to amend the indictment to change the dates that the charges were alleged to have occurred from between May and September of 1990 to between May and December of 1991. The court declared a mistrial and discharged the jury.
 {¶ 7} On April 19, 2002, appellant filed a motion for disclosure of the grand jury proceedings. On September 23, 2002, appellant waived his right to a jury and the matter proceeded to a four-day bench trial. On September 26, 2002 the court announced its verdict, finding appellant guilty of the charges. On October 9, 2002, appellant was sentenced to life in prison and classified as a sexually-oriented offender. Appellant appeals the convictions raising six assignments of error:
Assignment of Error No. 1
 {¶ 8} "THE TRIAL COURT ERRED IN THAT THE VERDICT WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."
 {¶ 9} When reviewing a manifest weight of the evidence claim, an appellate court must examine the evidence presented, including all reasonable inferences that can be drawn from it, and consider the credibility of the witnesses, to determine whether in resolving conflicts in the evidence, the finder of fact clearly lost its way and created such a manifest miscarriage of justice that the decision must be reversed and a new trial ordered. State v. Thompkins, 78 Ohio St.3d 380, 386,1997-Ohio-52. It must be remembered, however, that the weight to be given the evidence presented and the credibility of the witnesses are primarily matters for the trier of fact. State v. DeHass (1967), 10 Ohio St.2d 230, paragraph one of the syllabus. The trier of fact's decision is owed deference since the trier of fact is "best able to view the witnesses and observe their demeanor, gestures and voice inflections, and use these observations in weighing the credibility of the proffered testimony."State v. Swartsell, Butler App. No. CA2002-06-151, 2003-Ohio-4450, at ¶ 34, citing Seasons Coal Co. v. Cleveland (1984), 10 Ohio St.3d 77,80. Judgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed as being against the manifest weight of the evidence. State v. Shahan, Stark App. No. 2002 CA 00163, 2003-Ohio-852, at ¶ 24, citing C.E. Morris Co. v. FoleyConstruction (1978), 54 Ohio St.2d 279.
 {¶ 10} A.F. testified that when she was approximately six years old, appellant poured baby oil on his hand, rubbed it into her vagina, and then engaged in intercourse with her. A.F. also testified that on another occasion when she was visiting appellant, she went to sleep at his residence with her clothes on and woke up without her pants and underwear on. Furthermore, appellant admitted to touching A.F.'s bare vagina in the course of giving her a massage.
 {¶ 11} After reviewing the entire record, weighing the evidence and all inferences, considering the credibility of the witnesses, we find that trier of fact did not clearly lose its way and create such a manifest miscarriage of justice that the decision must be reversed. Therefore, the first assignment of error is overruled.
Assignment of Error No. 2
 {¶ 12} "THE TRIAL COURT ERRED BY NOT ALLOWING APPELLANT TO INTRODUCE POLYGRAPH EVIDENCE RELEVANT TO THE CHARGES."
 {¶ 13} Appellant claims the trial court erred in denying his "motion in limine to allow him to introduce evidence of taking and successfully passing a polygraph examination." Furthermore, appellant challenges the fact that the trial court did not afford him a hearing on the admissibility of the evidence pursuant to Daubert v. Merrell DowPharmaceuticals, Inc. (1993), 509 U.S. 579, 113 S.Ct. 2786.
 {¶ 14} In finding the polygraph examination evidence inadmissible, the trial court specifically relied on the well-established case law in Ohio:
 {¶ 15} "The prosecuting attorney, defendant and his counsel must sign a written stipulation providing for defendant's submission to the test and for the subsequent admission at trial of the graphs and the agreed upon examiner's opinion thereon on behalf of either defendant or the state.
 {¶ 16} "Notwithstanding the stipulation, the admissibility of the test results is subject to the discretion of the trial judge, and if the trial judge is not convinced that the examiner is qualified or that the test was conducted under proper conditions he may refuse to accept such evidence." State v. Souel (1978), 53 Ohio St.2d 123, paragraphs one and two of the syllabus.
 {¶ 17} The trial court can not admit the results of a polygraph test into evidence simply at an accused's request. State v. Levert
(1979), 58 Ohio St.2d 213, 215. Such results are admissible only if both the prosecution and defense jointly stipulate that an accused will take a polygraph test and that the results will be admissible. State v. Jamison
(1990), 49 Ohio St.3d 182, 190. Evidence of a polygraph examination is admissible only when both parties stipulate in writing to its admissibility, and the court in its sound discretion decides to accept such evidence. See Souel.
 {¶ 18} In the present case, Trooper Slusher never completed appellant's polygraph test. Trooper Slusher terminated the polygraph test during the pre-test or polygraph sensitivity test because appellant was not cooperating. As a result, appellant hired a private polygraph examiner, Robert Patterson, to administer a polygraph test. In the examiner's opinion, the test indicated appellant "successfully passed." However, there was no stipulation between the state of Ohio and appellant as to the result of that polygraph examination.
 {¶ 19} We find the trial court did not err in refusing to admit the results of the polygraph test. See State v. Huntsman (Dec. 7, 1998), Stark App. No. 98CA0012, at 13. The second assignment of error is overruled.
Assignment of Error No. 3
 {¶ 20} "THE TRIAL COURT ERRED BY OVERRULING APPELLANT'S MOTION TO DISMISS FILED APRIL 19, 2002."
 {¶ 21} Appellant argues that he should not have "been forced into a decision between proceeding with the trial under an amended indictment or requesting time to locate witnesses necessitated by the thirteenth-hour amendment of the indictment." Appellant maintains that the court should neither have allowed the amendment to the indictment nor declared a mistrial. Appellant argues, therefore, his motion to dismiss should have been granted.
 {¶ 22} Crim.R. 7 provides that at any time before, during, or after a trial, the court may amend the indictment in respect to any defect, imperfection, or omission in form or substance, or of any variance with the evidence, provided no change is made in the name or identity of the crime charged.
 {¶ 23} An indictment involving child sexual abuse need not specify exact dates and times of the alleged offenses. State vs. Daniels (1994),97 Ohio App.3d 548, 557-58. An allowance for reasonableness and inexactitude must be made for such cases considering the circumstances.State v. Barnecut (1988), 44 Ohio App.3d 149, 152. In this case, amending the indictment changed neither the name nor the identity of the crime with which appellant was charged. The trial court properly permitted the amendment to the indictment.
 {¶ 24} We find that the trial court did not err in overruling the motion to dismiss. Accordingly, appellant's third assignment of error is overruled.
Assignment of Error No. 4
 {¶ 25} "THE TRIAL COURT ERRED BY OVERRULING APPELLANT'S MOTION TO SUPPRESS STATEMENTS."
 {¶ 26} We initially note that appellate review of a trial court's decision regarding a motion to suppress evidence involves mixed questions of law and fact. See State v. Long (1998), 127 Ohio App.3d 328, 332. When ruling on a motion to suppress evidence, the trial court assumes the role of trier of fact and is in the best position to resolve questions of fact and to evaluate the credibility of witnesses. See State v. Treesh,90 Ohio St.3d 460, 472, 2001-Ohio-4; State v. Dunlap, 73 Ohio St.3d 308,314, 1995-Ohio-243. Accordingly, a reviewing court must defer to the trial court's findings of fact if competent, credible evidence exists to support the trial court's findings. See State v. Medcalf (1996),111 Ohio App.3d 142, 148. The reviewing court then must independently determine, without deference to the trial court, whether the trial court properly applied the substantive law to the facts of the case. See Statev. Fields (Nov. 29, 1999), Hocking App. No. 99 CA 11. See, generally,United States v. Arvizu (2002), 534 U.S. 266, 122 S.Ct. 744; Ornelas v.United States (1996), 517 U.S. 690, 116 S.Ct. 1657.
 {¶ 27} Appellant argues that the trial court erred by failing to suppress the statements that he gave to Trooper Slusher. Appellant maintains that his statements were not voluntary because the interview "was only days after appellant had his appendix removed and he was on pain medication." Furthermore, appellant argues he was subjected to intense, accusatory, pressurized questioning during the three-hour interview.
 {¶ 28} We disagree with appellant that his statement was involuntary. For a defendant's inculpatory statements to be admissible at trial, it must appear that the defendant gave the statements voluntarily. See State v. Chase (1978), 55 Ohio St.2d 237, 246. Evidence of "police coercion or overreaching is necessary for a finding of involuntariness" and not simply evidence of diminished capacity of the interrogee. See Colorado v. Connelly (1986), 479 U.S. 157, 164,107 S.Ct. 515; State v. Hill (1992), 64 Ohio St.3d 313, 318. Furthermore, in determining the voluntariness of an accused's confession, the court must employ the "totality of the circumstances" test. See State v. Bays,87 Ohio St.3d 15, 22, 1999-Ohio-216; State v. Clark (1988),38 Ohio St.3d 252, 261. Under the "totality of the circumstances" test, the reviewing court should consider: (1) the age, mentality, and prior criminal experience of the individual; (2) the length, intensity, and frequency of the interrogation; (3) the existence of physical deprivation or mistreatment; and (4) the existence of threat or inducement. See Statev. Lynch, 98 Ohio St.3d 514, 522, 2003-Ohio-2284, at ¶ 54.
 {¶ 29} In the case at bar, the totality of the circumstances demonstrates that appellant voluntarily gave his statements to the law enforcement officer. The record contains: (1) no evidence of coercion or overreaching; (2) no evidence of physical deprivation or mistreatment; and (3) no evidence of threat or inducement. Appellant is 36 years old and a high school graduate. He appears to be fully capable of understanding the implications of waiving his rights and admitting that he touched A.F.'s bare vagina in the course of giving her a massage.
Appellant arrived at the Blue Ash Ohio State Highway Patrol post on his own. Appellant signed a State Highway Patrol Polygraph Examination Release form that stated he was voluntarily taking the examination of his own free will. Appellant indicated on the release form that he had completed 20 credit hours of college. The interview lasted approximately four hours. There is no evidence that appellant was mistreated. Appellant asked for an opportunity to call his lawyer and get a drink of water, and he was allowed to do so. After speaking to his lawyer, appellant stated that he was instructed to end the interview at which time the interview was terminated and appellant left the Ohio Highway Patrol Post. Looking at the totality of the circumstances, appellant's admissions were voluntary.
 {¶ 30} Appellant's interview lasted approximately four hours. We note that much more lengthy interviews than appellant's have not rendered a defendant's statements involuntary. See State v. Green,90 Ohio St.3d 352, 366, 2000-Ohio-182 (upholding confessions given during a 12-hour interview); Haynes v. Washington (1963), 373 U.S. 503,83 S.Ct. 1336, (upholding confessions given during a 16-hour interview). The fourth assignment of error is overruled.
Assignment of Error No. 5
 {¶ 31} "THE TRIAL COURT ERRED BY NOT DISCLOSING CHILDREN'S PROTECTIVE SERVICES AND OTHER TREATMENT PROVIDERS' RECORDS WHICH CONTAINED INFORMATION BENEFICIAL TO APPELLANT."
 {¶ 32} Appellant alleges that the State was under a duty to disclose "the records of Children's Protective Services and other therapist(s) to whom A.F. made statements regarding her accusation against appellant." Appellant argues that the records were beneficial to his defense for impeachment purposes to "attack [A.F.'s] credibility."
 {¶ 33} Upon review of the record, we find that such evidence was not material. In United States v. Bagley (1985), 473 U.S. 667,105 S.Ct. 3375, the court ruled that in determining whether the prosecution improperly suppressed evidence favorable to an accused, such evidence shall be deemed material "only if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different. A `reasonable probability' is a probability sufficient to undermine confidence in the outcome." Id. at 682. See, also, State v. Johnson (1988), 39 Ohio St.3d 48, 61. Upon our review of the record, we cannot say that the outcome of appellant's trial would have been different had the therapist's records of A.F.'s statements been disclosed to appellant. The mere possibility that an item of undisclosed information might have helped the defense, or might have affected the outcome of the trial, does not establish "materiality" in the constitutional sense. United States v. Agurs (1976), 427 U.S. 97,109-110, 96 S.Ct. 2393, 2400.
 {¶ 34} We find that the records of Children's Protective Services and other therapists to whom A.F. may have made statements regarding her accusation against appellant were not material. Appellant admitted to touching A.F.'s bare vagina and A.F. testified at trial to the sexual contact. In short, we conclude that the possibility that the undisclosed evidence would have changed the outcome of appellant's trial is not sufficient to undermine our confidence in the outcome of the same. Therefore, appellant's fifth assignment of error is overruled.
Assignment of Error No. 6
 {¶ 35} "THE TRIAL COURT ERRED BY NOT ALLOWING DEFENDANT APPELLANT ACCESS TO TRANSCRIPTS OF THE PROCEEDINGS BEFORE THE GRAND JURY."
 {¶ 36} Whether to release grand jury testimony is within the discretion of the trial court, and a denial of a motion to inspect such testimony will not be reversed absent an abuse of that discretion. Statev. Coley, 93 Ohio St.3d 253, 261, 2001-Ohio-1340. The term "abuse of discretion connotes more than an error of law or of judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable."State v. Adams (1980), 62 Ohio St.2d 151, 157.
 {¶ 37} Crim.R. 6(E) provides that "[a] grand juror, prosecuting attorney, interpreter, stenographer, operator of a recording device, or typist who transcribes recorded testimony, may disclose matters occurring before the grand jury * * * only when so directed by the court[.]" Grand jury proceedings are secret, and "an accused is not entitled to inspect grand jury transcripts either before or during trial unless the ends of justice require it and there is a showing by the defense that a particularized need for disclosure exists which outweighs the need for secrecy." State v. Greer (1981), 66 Ohio St.2d 139, paragraph two of the syllabus. Generally, a particularized need for the disclosure of grand jury testimony "is shown where from a consideration of all the surrounding circumstances it is probable that the failure to disclose the testimony will deprive the defendant of a fair adjudication of the allegations placed in issue by the witness' trial testimony." Id., paragraph three of the syllabus.
 {¶ 38} In the case at bar, appellant argues that because the dates originally alleged in the indictment were changed by one year, the grand jury proceedings relevant to those dates should have been disclosed. Appellant also argues that A.F.'s testimony before the grand jury should have been disclosed to determine if there were inconsistencies between her trial testimony and her other statements to Children's Protective Services, therapists, and law enforcement personnel.
 {¶ 39} When a defendant "speculates that the grand jury testimony might have contained material evidence or might have aided his cross-examination * * * by revealing contradictions, the trial court does not abuse its discretion by finding the defendant had not shown a particularized need." State v. Mack, 73 Ohio St.3d 502, 508,1995-Ohio-273, certiorari denied (1996), 516 U.S. 1096, 116 S.Ct. 822, quoting State v. Webb, 70 Ohio St.3d 325, 337, 1994-Ohio-425. Therefore, appellant has failed to show an abuse of discretion by the trial court in reaching this determination. Consequently, appellant's sixth assignment of error is overruled.
Judgment affirmed.
VALEN, P.J., and YOUNG, J., concur.