OPINION
{¶ 1} Appellant, the state of Ohio, appeals a decision of the Butler County Court of Common Pleas finding that appellee, James Tillman, is entitled to the discovery of grand jury testimony.
 {¶ 2} Appellee was indicted on two counts of gross sexual imposition involving a child under the age of 13. He filed several motions regarding discovery issues. One of appellee's motions requested that the court transcribe the grand jury testimony on the basis that he is entitled to have the trial court "review any and all testimony before the Grand Jury, of all witnesses, after their direct examination * * * to determine if inconsistencies exist." Appellee further requested that "[i]n the event that this court finds inconsistencies, such inconsistencies are made available to the defense for cross-examination purposes, pursuant to Rule 16 of the Ohio Rules of Criminal Procedure."
 {¶ 3} The trial court ordered the prosecutor to transcribe the testimony and stated that after the child witness testified at trial it would review the testimony and determine if any inconsistencies existed, and would allow defense counsel to question the witness on any inconsistencies. Appellant now appeals from the trial court's decision and raises the following single assignment of error for our review:
 {¶ 4} "The trial court's pre-trial discovery order erroneously exceeded the scope of Ohio Rule of Criminal Procedure 16(B)."
 {¶ 5} Appellant argues that grand jury testimony is not discoverable under Crim.R. 16(B). This rule describes the information discoverable by a criminal defendant. While the rule mentions the type of information that is discoverable with specificity, it does not mention grand jury testimony. Instead, it provides that discovery or inspection of grand jury proceedings, other than the testimony of the defendant, is governed by Crim.R. 6(E). Crim.R. 16(B)(1)(g)(3).
 {¶ 6} Generally, grand jury proceedings are secret and a defendant is not entitled to such material either before trial or at trial. State v. Mack, 73 Ohio St.3d 502, 508, 1995-Ohio-273. The rule is only relaxed when the ends of justice so require and a defendant demonstrates a particularized need for disclosure that outweighs the need for secrecy of the proceedings. Id.;State v. Greer (1981), 66 Ohio St.2d 139, paragraph two of the syllabus. A particularized need exists where the surrounding circumstances reveal a probability that the failure to disclose the grand jury testimony will deny the defendant a fair trial.
 {¶ 7} In this case, the trial court did not make a finding that appellee showed a particularized need for the grand jury testimony. At the hearing, appellee was unsure of who the witnesses were who testified before the grand jury and stated that he assumed the child victim testified. He requested that the grand jury testimony be transcribed so that the judge could review it and determine if any inconsistencies existed. He provided no further information or rationale to support a need for the grand jury testimony.
 {¶ 8} Speculation by a defendant that grand jury testimony might contain material evidence or might aid his cross-examination by revealing inconsistencies does not amount to a showing of a particularized need. State v. Mack,73 Ohio St.3d 502, 508, 1995-Ohio-273; State v. Webb,70 Ohio St.3d 325, 337, 1994-Ohio-425; State v. Fulton, Clermont App. No. CA2002-10-085, 2003-Ohio-5432. Such an argument could be made in any case. Webb at 338. "If the use of grand jury testimony were permitted simply because a defendant claims that the prior statements of a witness could be used for impeachment purposes, virtually all grand jury testimony would be subject to disclosure." State v. Cherry (1995), 107 Ohio App.3d 476, 479.
 {¶ 9} We find that the trial court improperly found that appellee was entitled to inspect the grand jury transcripts in case inconsistencies arose at trial. The trial court did not make a finding of particularized need, and appellee's stated reason for disclosure does not amount to particularized need. Appellant's assignment of error is sustained.
 {¶ 10} Judgment reversed and case remanded to the trial court for further proceedings according to law and consistent with this opinion.
Powell and Walsh, JJ., concur.