OPINION
{¶ 1} Appellant, Paul L. Hake ("Mr. Hake"), appeals from the August 8, 2007 judgment entry of the Trumbull County Court of Common Pleas, which sentenced him to two four-year terms of incarceration, after being found guilty of two counts of gross sexual imposition, in violation of R.C.2907.05(A)(4) and R.C. 2907.05(B). For the following reasons, we affirm.
 {¶ 2} Substantive Facts and Procedural History *Page 2 
 {¶ 3} In the summer of 2005, Mr. Hake's granddaughter (referred to as "J") complained to her mother that her grandfather had touched her "private parts" the previous summer while babysitting her. At the time she was touched by her grandfather, J said she was six or seven years old. J's mother contacted Trumbull County Children Services (TCCS), which assigned Elizabeth Raley-Lewis ("Ms. Lewis"), a sexual abuse/physical abuse investigator, to investigate the allegations raised. After interviewing J and her mother, SueEllen Stinedurf ("Ms. Stinedurf") of the Trumbull County Prosecutor's office contacted Mr. Hake, who ultimately made an incriminating statement to Ms. Stinedurf. On June 16, 2006 the Trumbull County Grand Jury indicted Mr. Hake on two counts of gross sexual imposition.
 {¶ 4} The matter proceeded to trial on June 4 and 5, 2007. The state presented three witnesses: Ms. Lewis, J, and Ms. Stinedurf. Ms. Lewis testified that when she interviewed J and her mother, J told her that her grandfather had touched her "private parts," which Ms. Lewis said was a reference to her vaginal area. Because J did not indicate that there had been any penetration, Ms. Lewis decided not to have J examined at the Tri-County Children's Advocacy Center.
 {¶ 5} Ms. Lewis also interviewed Mr. Hake, who denied having any sexual contact with his granddaughter. In a handwritten statement, which was introduced into evidence, Mr. Hake said the following: "I would rub her back, she would say draw a picture, and then I would draw a picture on her back and she would guess what it was. I would rub baby powder on her legs and the only thing I could think of was that I might have rubbed her legs and went across her panties and down the other legs. * * * I never put my hands inside her pants." *Page 3 
 {¶ 6} Mr. Hake was subsequently interviewed by Ms. Stinedurf. Prior to making a statement, Ms. Stinedurf read Mr. Hake his rights, and Mr. Hake signed a written waiver form acknowledging that he understood these rights. Mr. Hake had planned to take a polygraph test but after signing the waiver form, he became visibly upset and started to cry. Mr. Hake then admitted that he had touched his granddaughter in the pubic area, one time over her clothing and one time under her clothing. Ms. Stinedurf showed Mr. Hake a picture of the female anatomy and asked where he had touched his granddaughter. Mr. Hake said he did not touch the area of the vaginal opening; instead, he pointed to the area where the clitoris and labia were and indicated that he had rubbed her in that area. Mr. Hake said he did not know why he had done it. Mr. Hake agreed to give a voluntary statement but asked if he could smoke some cigarettes first. Ms. Stinedurf agreed, and Mr. Hake returned around fifteen to twenty minutes later and made his statement. Prior to making his statement, Ms. Stinedurf again read Mr. Hake his rights.
 {¶ 7} Mr. Hake's audiotaped statement was played for the jury, and they were provided with a written transcript as well. In his statement, Mr. Hake said that J was eight years old when the incidents occurred. He reiterated that on two occasions he had rubbed her pubic area, but not the vagina, although he said that it was unintentional.
 {¶ 8} J was also called to the witness stand. She testified that she was currently ten years old and that she was born on March 19, 1997. J testified that her parents were divorced and that in the summer of 2004, she had been living with her mother. Her father was working in Tennessee at that time and on the weekends she *Page 4 
was supposed to have visitation with him, she instead stayed with her paternal grandparents, Mr. and Mrs. Hake. J said that on these weekends she slept in the same bed with her grandmother and that her grandfather slept in the living room.
 {¶ 9} J testified that her grandmother worked at a gas station and left the house around 6:00 a.m. After her grandmother left, J said that her grandfather came into the bedroom where she slept. J said: "He would come in and rub my back and then he would touch my private area." When asked specifically what she meant by private area, she referred to her "peach," which she said was another word for vagina. J said that her grandfather had touched her there eight to ten times and that he told her not to tell anyone what he had done and that it was their secret. J said that she told her mother what had happened the next summer, in 2005 after watching a television program that told children to tell someone if another person was inappropriate with them.
 {¶ 10} At the close of the state's case, defense counsel moved for an acquittal, which the trial court denied. Defense counsel also asked the court to provide a charge on the lesser included offense of sexual imposition, which the court denied. The defense presented no witnesses on Mr. Hake's behalf. The jury returned a guilty verdict on both counts. The trial court sentenced Mr. Hake to two four-year terms of imprisonment, to be served consecutively. Mr. Hake filed the instant appeal, raising four assignments of error for review:
 {¶ 11} "[1] The Trial Court erred to the detriment of Appellant, by overruling his Motion for a Directed Verdict of Acquittal;
 {¶ 12} "[2] The Trial Court erred to the detriment of Appellant by overruling his Motion for a New Trial; *Page 5 
 {¶ 13} "[3] The Trial Court erred to the detriment of Appellant, by failing to instruct the Jury of lesser included charges of Sexual Imposition and Disorderly Conduct;
 {¶ 14} "[4] The Trial Court erred to the detriment of Appellant, in imposing two four year consecutive sentences."
 {¶ 15} Motion for Acquittal
 {¶ 16} In his first assignment of error, Mr. Hake argues that the trial court erred in denying his motion for acquittal. Specifically, Mr. Hake contends that the state failed to prove that the victim was less than thirteen years of age, an essential element of the crime of gross sexual imposition and failed to prove that there was touching of the pubic area for sexual gratification.
 {¶ 17} It is well established that "[p]ursuant to Crim.R. 29(A), a court shall not order an entry of judgment of acquittal if the evidence is such that reasonable minds can reach different conclusions as to whether each material element of a crime has been proved beyond a reasonable doubt." State v. Bridgeman (1978), 55 Ohio St. 2d 261, syllabus. "Thus, when an appellant makes a Crim.R. 29 motion, he or she is challenging the sufficiency of the evidence introduced by the state."State v. Patrick, 11th Dist. Nos. 2003-T-0166 and 2003-T-0167, 2004-Ohio-6688, at ¶ 18.
 {¶ 18} "[S]ufficiency of the evidence * * * challenges whether the state has presented evidence for each element of the charged offense. The test for sufficiency of the evidence is whether, after viewing the probative evidence and the inferences drawn from it, in a light most favorable to the prosecution, any rational trier of fact could find all *Page 6 
elements of the charged offense proven beyond a reasonable doubt."State v. McKinney, 11th Dist. No. 2006-L-169, 2007-Ohio-3389, at ¶ 17. (Citations omitted.)
 {¶ 19} "Whether sufficient evidence has been presented is a question of law, thus, an appellate court is not permitted to weigh the evidence when making this inquiry." Id. at ¶ 18, citing State v. Teachout, 11th Dist. No. 2006-L-081, 2007-Ohio-1642, at ¶ 36, quoting State v.Schlee (Dec. 23, 1994), 11th Dist. No. 93-L-082, 1994 Ohio App. LEXIS 5862, at 13. "In other words, the standard to be applied on a question concerning sufficiency is: when viewing the evidence `in a light most favorable to the prosecution,' * * * `[a] reviewing court [should] not reverse a jury verdict where there is substantial evidence upon which the jury could reasonably conclude that all of the elements of an offense have been proven beyond a reasonable doubt.' * * *"McKinney at ¶ 18, citing Teachout at ¶ 38.
 {¶ 20} "* * * [A] reviewing court must look to the evidence presented * * * to assess whether the state offered evidence on each statutory element of the offense, so that a rational trier of fact may infer that the offense was committed beyond a reasonable doubt." Id. at ¶ 19, citing Teachout at ¶ 39. "The evidence is to be viewed in a light most favorable to the prosecution when conducting this inquiry and the verdict will not be reversed on appeal `unless the reviewing court finds that reasonable minds could not have arrived at the conclusion reached by the trier of fact.'" Id.
 {¶ 21} In this case, Mr. Hake was charged with and convicted of gross sexual imposition under R.C. 2907.05(A)(4), which provides, in pertinent part: "No person shall have sexual contact with another * * * [where] [t]he other person * * * is less than thirteen years of age, whether or not the offender knows the age of that person." Sexual contact *Page 7 
is defined in R.C. 2907.01(B) as "any touching of an erogenous zone of another, including without limitation the thigh, genitals, buttock, pubic region, or, if the person is a female, a breast, for the purpose of sexually arousing or gratifying either person."
 {¶ 22} Where a defendant is charged under R.C. 2907.05(A)(4), the age of the victim is an essential element of the crime of gross sexual imposition. State v. Vance (Nov. 26, 1997), 2d Dist. No. 16322, 1997 Ohio App. LEXIS 5282, at 11. The victim in this case was asked her age and testified that she was ten years old and was born on March 19, 1997. She further testified that the incidents occurred in the summer of 2004, when she was six or seven years old. In addition to this testimony, in his June 2006 statement made to Ms. Stinedurf, Mr. Hake said that his granddaughter was eight years old. Although she was in fact nine at the time he was questioned, we find that the state presented sufficient evidence to establish at the time the improper touching occurred, the victim was less than thirteen years old.
 {¶ 23} Contrary to Mr. Hake's position, the state was not required to present other evidence such as a birth certificate or hospital records to prove the age of the victim. Rather, a witness may testify to his or her age without requiring additional documentary support where age is an essential element of the crime. See e.g., State v. Selmon, 5th Dist. No. 05 CA 49, 2006-Ohio-65, at ¶ 22-25. Since there was sufficient evidence presented that the victim was less than thirteen years old at the time the touching took place, the state has satisfied this element of gross sexual imposition.
 {¶ 24} Mr. Hake further argues that there was insufficient proof of "sexual contact." He maintains that there was insufficient proof that he had touched his *Page 8 
granddaughter's pubic area or that any touching took place for the purpose of sexual gratification. We reject these arguments.
 {¶ 25} The evidence reveals that Mr. Hake rubbed J's pubic area. J testified that while she was lying in her grandmother's bed, Mr. Hake touched her in her "private area." She said that he touched her over her underwear and under her underwear. She called the body part he touched her "peach," which she said was another word for vagina that her sisters taught her to use. Ms. Lewis, the sexual abuse/physical abuse investigator corroborated that J had told her that her grandfather had touched her vagina. In addition, Ms. Stinedurf testified that Mr. Hake himself admitted that he had rubbed J's clitoris and labia. We find that sufficient evidence was presented to show that Mr. Hake touched J's pubic area.
 {¶ 26} With respect to the argument that the touching was not done to elicit sexual gratification, we have previously held that "[i]t is sufficient to present circumstantial evidence from which the finder of fact can infer the purpose of the act was for sexual gratification; no direct evidence of the accused's mental state is required." State v.Tennyson (Nov. 21, 2001), 11th Dist. No. 98-L-219, 2001 Ohio App. LEXIS 5211, at 8, citing State v. Said (Mar. 26, 1993), 11th Dist. No. 92-L-018, 1993 Ohio App. LEXIS 175, at 16. "A sexual purpose can be inferred from the nature of the act itself if a reasonable person would find that act sexually stimulating to either the offender or the victim." Id. The relevant inquiry is "would an ordinary prudent person or a reasonable person sitting as a juror perceive from the defendant's actions, and all of the surrounding facts and circumstances, thatthe defendant's purpose or specific *Page 9 
intention was arousal or gratification of sexual desire?" State v.Horrigan (Feb. 19, 1999), 2d Dist. No. 17260, 1999 Ohio App. LEXIS 1100, at 10.
 {¶ 27} Construing the evidence presented at trial in a light most favorable to the state, we find that a reasonable person, taking into account all of the facts and circumstances could find that the touching of J, the victim, was done with the intention of arousal or gratification of sexual desire. Because reasonable minds could find that each element of gross sexual imposition has been proven beyond a reasonable doubt, we overrule Mr. Hake's first assignment of error and find that sufficient evidence was presented to sustain his conviction.
 {¶ 28} Motion For New Trial
 {¶ 29} In his second assignment of error, Mr. Hake contends that the trial court erred in denying his motion for a new trial. Specifically, Mr. Hake argues that under Crim.R. 16(C)(1)(b)[1], the State was required to disclose any reports of physical or mental examinations made in connection with the case. Since J testified that she had been seeing a therapist, Mr. Hake contends that the failure of the state to turn over any records associated with this treatment warrants a new trial. We reject this contention.
 {¶ 30} A motion for a new trial, made pursuant to Crim.R. 33, is addressed to the sound discretion of the trial court and will not be disturbed absent an abuse of that discretion. State v. Jackson, 11th Dist. No. 2006-T-0123, 2007-Ohio-6932, at ¶ 39. Further, "[t]he discretionary decision to grant a motion for a new trial is an extraordinary measure which should be used only when the evidence presented weighs heavily in *Page 10 
favor of the moving party." Id., citing State v. Valentine, III, 11th Dist. No. 2002-P-0052, 2003-Ohio-2838, at ¶ 14, citing State v.Otten (1986), 33 Ohio App.3d 339.
 {¶ 31} Crim.R. 33 sets forth the following as grounds for a new trial: (1) Irregularity in the proceedings or in any order or ruling of the court, or abuse of discretion by the court, because of which the defendant was prevented from having a fair trial; (2) Misconduct of the jury, prosecuting attorney, or the witnesses for the state; (3) Accident or surprise which ordinary prudence could not have guarded against; (4) The verdict is not sustained by sufficient evidence or is contrary to law; (5) Error of law occurring at trial; (6) New evidence material to the defense is discovered, which the defendant could not with reasonable diligence have discovered and produced at the trial.
 {¶ 32} Presumably, Mr. Hake is arguing that he is entitled to a new trial under Crim.R. 33(A)(1), (2), or (6). However, under the facts of this case, none of these subsections apply. To begin with, there is no indication that the state was aware that J was seeing a counselor prior to J's testimony nor is there any evidence showing that the state had any reports in its possession. In fact, as the state points out, the testimony that J had gone to a therapist or counselor was first adduced in cross-examination. Furthermore, on May 22, 2007, in its response to Mr. Hake's request for discovery, the state provided Mr. Hake with the evidence it had available, and noted its continued obligation under Crim.R. 16(B)(1)(f) to supplement discovery. There is simply nothing in the record to indicate the state possessed and withheld reports from Mr. Hake. Furthermore, upon discovering at trial that J had seen a counselor, defense counsel had *Page 11 
the ability to ask the court for a continuance to subpoena the psychological records, but failed to do so.
 {¶ 33} Even if this evidence was in the state's possession, the granting of a new trial would only be warranted upon a showing that the evidence was material and would have changed the outcome of the trial. As the Twelfth District noted in State v. Fulton, 12th Dist. No. CA2002-10-088, 2003-Ohio-5432, a case similar to the case at bar, where the defendant had argued that the prosecution improperly suppressed juvenile therapist records:
 {¶ 34} "[I]n determining whether the prosecution improperly suppressed evidence favorable to an accused, such evidence shall be deemed material `only if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different. A "reasonable probability" is a probability sufficient to undermine confidence in the outcome.'" Id. at ¶ 33, citing United Statesv. Bagley (1985), 473 U.S. 667, 682. "Upon our review of the record, we cannot say that the outcome of appellant's trial would have been different had the therapist's records of A.F.'s statements been disclosed to appellant. The mere possibility that an item of undisclosed information might have helped the defense, or might have affected the outcome of the trial, does not establish `materiality' in the constitutional sense. * * * We find that the records of Children's Protective Services and other therapists to whom A.F. may have made statements regarding her accusation against appellant were not material. Appellant admitted to touching A.F.'s bare vagina and A.F. testified at trial to the sexual contact. In short, we conclude that the possibility that the undisclosed *Page 12 
evidence would have changed the outcome of appellant's trial is not sufficient to undermine our confidence in the outcome of the same." Id. at ¶ 33-34.
 {¶ 35} We agree with the rationale of the Fulton court. Absent any evidence that the prosecution withheld evidence or that such evidence would have resulted in a different outcome, we are unwilling to hold that the trial court abused its discretion in overruling Mr. Hake's request for a new trial.
 {¶ 36} Lesser Included Offense
 {¶ 37} In his third assignment of error, Mr. Hake challenges the trial court's decision not to instruct the jury on the offense of sexual imposition, which he claims is a lesser included offense of gross sexual imposition.
 {¶ 38} "An offense may be considered a lesser included offense of another if: (1) the offense carries a lesser penalty than the other; (2) the greater offense cannot ever be committed without the lesser offense also being committed; and (3) some element of the greater offense is not required to prove the commission of the lesser offense." State v.Meeks, 11th Dist. No. 2007-L-057, 2007-Ohio-6559, at ¶ 21, citingState v. Bucci, 11th Dist. No. 2001-L-091, 2002-Ohio-7134, at ¶ 13, citing State v. Deem (1988), 40 Ohio St.2d 205, paragraph three of the syllabus. "Although an offense may be statutorily defined as a lesser included offense, an instruction to the jury on the lesser offense is required only where the evidence presented at trial would reasonably support both an acquittal on the crime charged and a conviction upon the lesser offense." Id., citing Bucci, citing State v. Thomas (1988), 40 Ohio St.3d 213, paragraph two of the syllabus.
 {¶ 39} As previously stated, the elements for gross sexual imposition under R.C. 2907.05(A)(4), the section under which Mr. Hake was charged and convicted, require *Page 13 
sexual contact of a person less than thirteen years of age. R.C. 2907.06
sets forth the elements of sexual imposition. It provides that:
 {¶ 40} "No person shall have sexual contact, with another, not the spouse of the offender * * * when any of the following applies: (1) The offender knows that the sexual contact is offensive to the other person, or one of the other persons, or is reckless in that regard. (2) The offender knows that the other person's, or one of the other person's, ability to appraise the nature of or control the offender's or touching person's conduct is substantially impaired. (3) The offender knows that the other person, or one of the other persons, submits because of being unaware of the sexual contact. (4) The other person, or one of the other persons, is thirteen years of age or older but less than sixteen years of age, whether or not the offender knows the age of such person, and the offender is at least eighteen years of age and four or more years older than such other person. (5) The offender is a mental health professional, the other person or one of the other persons is a mental health client or patient of the offender, and the offender induces the other person who is the client or patient to submit by falsely representing to the other person who is the client or patient that the sexual contact is necessary for mental health treatment purposes."
 {¶ 41} This court has previously held that sexual imposition may be a lesser included offense of gross sexual imposition. State v. Martin
(Dec. 2, 1994), 11th Dist. No. 93-A-1830, 1994 Ohio App. LEXIS 5409, at 8. However, even if sexual imposition is deemed a lesser included offense of gross sexual imposition, in this case we find that any error in failing to instruct on the sexual imposition charge is harmless since the evidence at trial would not support an acquittal on the gross sexual imposition charge. *Page 14 
 {¶ 42} Mr. Hake also contends that the trial court should have instructed the jury on the offense of disorderly conduct and citesIn re Pennington (2002), 150 Ohio App.3d 205 to support his position that disorderly conduct is a lesser included offense of gross sexual imposition. However, Mr. Hake failed to raise this argument to the trial court. The failure to object to the giving or failure to give an instruction before the jury retires constitutes a waiver absent plain error. State v. Shaffer, 11th Dist. No. 2001-T-0036, 2003-Ohio-6701, at ¶ 45; Crim.R. 30(A). Under the facts of this case, the failure to instruct the jury on disorderly conduct does not constitute plain error since there is no showing or evidence that but for the error, the outcome of the trial would have been different. Furthermore, since the evidence was sufficient to support a conviction on gross sexual imposition, no instruction on disorderly conduct was required.Meeks at ¶ 21.
 {¶ 43} We overrule Mr. Hake's third assignment of error.
 {¶ 44} Sentencing Error
 {¶ 45} In his fourth assignment of error, Mr. Hake argues that the trial court erred in imposing two four-year consecutive sentences for two counts of gross sexual imposition. He maintains that in 2004, at the time the crimes allegedly occurred, the term of imprisonment for a felony of the third degree was one, one and a half, or two years. Mr. Hake further argues that the trial court erred in sentencing him under R.C. 2929.14, which did not go into effect until 2006.
 {¶ 46} Mr. Hake was charged with and convicted of two counts of gross sexual imposition, in violation of R.C. 2907.05(A)(4). R.C.2907.05(B)(2) specifically states that a conviction under R.C.2907.05(A)(4) is a felony of a third degree and that the court *Page 15 
"shall impose on an offender convicted of gross sexual imposition in violation of division (A)(4) of this section a mandatory prison term equal to one of the prison terms prescribed in section 2929.14 of the Revised Code for a felony of the third degree if either of the following applies: (a) Evidence other than the testimony of the victim was admitted in the case corroborating the violation; * * *."
 {¶ 47} In this case, the statement of Mr. Hake was admitted into evidence to corroborate the charges against him. Therefore, by the express terms of R.C. 2907.05(B)(2), he was subject to R.C. 2929.14, which calls for a range of imprisonment of one, two, three, four, or five years. Contrary to Mr. Hake's assertion, although there have been amendments to R.C. 2929.14 since 2005, the range of imprisonment under this statute has remained the same; i.e., between one to five years.
 {¶ 48} We overrule Mr. Hake's fourth assignment of error.
 {¶ 49} The judgment of the Trumbull County Court of Common Pleas is affirmed.
COLLEEN MARY O'TOOLE, J., TIMOTHY P. CANNON, J., concur.
[1] Mr. Hake mistakenly cites to Crim.R. 16(C)(1)(b), which addresses the defendant's obligation to respond to the state's request for such evidence. The pertinent section is Crim.R. 16(B)(1)(d), which requires the prosecutor to allow the defendant to inspect and copy any reports of physical or mental examinations made in connection with the case. *Page 1