[Cite as *State v. Bussle*, 2017-Ohio-4045.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# PORTAGE COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| - vs - | : | **CASE NO. 2016-P-0026** |
| QUILLIE BUSSLE, JR., | : | |
| Defendant-Appellant. | : | |

Criminal Appeal from the Portage County Court of Common Pleas, Case No. 2015 CR 00489.

Judgment: Affirmed.

*Victor V. Vigluicci,* Portage County Prosecutor, and *Kristina Reilly*, Assistant Prosecutor, 241 South Chestnut Street, Ravenna, OH 44266 (For Plaintiff-Appellee).

*Paul M. Grant,* 209 South Main Street, Eighth Floor, Suite 3, Akron, OH 44308 (For Defendant-Appellant).

COLLEEN MARY O'TOOLE, J.

{¶1} Quillie Bussle, Jr., appeals from the judgment entry of the Portage County Court of Common Pleas, finding him guilty, after bench trial, of two counts of pandering sexually oriented matter involving a minor, and three counts of illegal use of a minor in nudity-oriented material or performance, and sentencing him to a total term of 15 years imprisonment. Mr. Bussle contends the trial court deprived him of his constitutional right to compulsory process by quashing a witness subpoena. He also contends his

convictions are based on insufficient evidence, and are against the manifest weight of the evidence. Finding no reversible error, we affirm.

{¶2} Mr. Bussle was charged by an indictment filed July 14, 2015. He pleaded not guilty July 16, 2015. The matter came on for bench trial February 2, 2016. The facts are taken from the trial transcript.

{¶3} On the evening of October 12, 2013, Mr. Bussle was hosting a party in the basement of his parents' house in Ravenna, Ohio, where he lived. Alcohol and drugs were plentiful. One of the guests was Bridget David. It appears Mr. Bussle was her drug supplier. At trial, she testified Mr. Bussle asked her to pick up two girls, S.M. and D.D., and bring them to the party after purchasing vodka. Once Ms. David and the girls returned to the party, the three of them retired to the bathroom to smoke crack cocaine that Mr. Bussle had given Ms. David. At some point, Mr. Bussle entered the bathroom, and asked Ms. David and the two girls to pose for topless photographs. Ms. David testified Mr. Bussle used her cell phone to take the photographs, and directed the poses. The first photograph depicted the three topless, with their arms draped around each other. In the second, the pose was the same, but S.M. was licking Ms. David's nipples. The third photograph depicted both S.M. and D.D. licking Ms. David's nipples. In the fourth and fifth photographs, the girls are standing topless with their tongues sticking out.

{¶4} Ms. David testified she learned shortly thereafter the girls were minors (S.M. was 15 at the time; D.D. was 17), and that she tried to erase the photographs from her phone. May 15, 2014, she was stopped by the Portage County Drug Task Force, who seized her phone pursuant to a warrant. She entered a guilty plea to three

counts of illegal use of a minor in nudity-oriented material, fifth degree felonies. By the time of trial, she had completed her sentence.

{¶5} S.M. testified she had met Mr. Bussle incidentally one day while he was riding his bicycle, and that she renewed her acquaintance later at a friend's house. She testified Mr. Bussle then told her he could find ways for her to earn money, so she gave him her phone number.

{¶6} S.M. testified she and D.D. were picked up by both Mr. Bussle and Ms. David the evening of October 12, 2013, and that the four then drove to a trailer park, where Ms. David sold a food stamp card to a man. S.M. testified Mr. Bussle told her to do anything the man desired, but that she and D.D. were scared by him, and hid in his bathroom. S.M. testified the man nevertheless hugged her as they left. S.M. testified the group then purchased vodka.

{¶7} On arriving at Mr. Bussle's residence, S.M. testified she saw Danielle Knight and the latter's boyfriend, but that the two soon left to purchase beer. Mr. Bussle then gave her a Percocet pill, and she drank vodka, before entering the bathroom, followed by Ms. David and D.D., where they smoked crack cocaine. S.M. testified Mr. Bussle then entered the bathroom, and told the girls they could get $100 for posing topless. S.M. testified Mr. Bussle took the photographs, and directed the poses.

{¶8} Agent Stephen Lincoln of the Portage County Drug Task Force testified he received a report that a minor was offering prostitution services on a website, Backpage.com. Investigation revealed this was D.D. Agent Lincoln and other law enforcement agents obtained the warrant for Ms. David's phone, containing the five photographs. Agent Lincoln testified that upon executing a search warrant for Mr.

Bussle's residence, officers recovered six phones – none containing any incriminating photographs. He further testified there were reports Mr. Bussle also possessed an iphone, which was never recovered, and that Mr. Bussle vigorously denied any knowledge of the five photographs in question.

{¶9} Mr. Bussle had subpoenaed Danielle Knight, and the state had moved to quash. At the commencement of trial, the trial court reviewed Ms. Knight's statement to Agent Lincoln, and granted the motion to quash. However, she further directed that Agent Lincoln could be cross examined on the substance of Ms. Knight's statement. Agent Lincoln testified Ms. Knight denied Mr. Bussle took the photographs, and admitted she may have taken them herself.

{¶10} Mr. Bussle moved to dismiss pursuant to Crim.R. 29 at the close of the state's case, and properly renewed his motion thereafter. The trial court denied the motions, found Mr. Bussle guilty of all charges, and ordered the preparation of a pre-sentence report. Sentencing hearing was held April 15, 2016. All of Mr. Bussle's convictions were for second degree felonies. The trial court sentenced Mr. Bussle to five consecutive terms of three years each; imposed court costs and a fine; and informed Mr. Bussle he was subject to five years mandatory post-release control. He was designated a Tier II sex offender.

{¶11} Mr. Bussle timely noticed appeal, assigning three errors. The first reads: "The trial court erred as a matter of law in denying Bussle's right to compulsory process in violation of the due process clause of the 14th Amendment and the 6th Amendment to the U.S. Constitution and Article I, 1, 10 & 16 of the Ohio Constitution." Mr. Bussle asserts the trial court erred in quashing his subpoena of Ms. Knight.

4

{¶12} "The Sixth Amendment to the United States Constitution provides, 'In all criminal prosecutions, the accused shall enjoy the right (* * *) to be confronted with the witnesses against him; to have compulsory process for obtaining witnesses in his favor (* * *)." *State v. Jamison*, 2d Dist. Montgomery No. 22177, 2008-Ohio-2065, ¶54. However, in *State v. Kirk*, 72 Ohio St.3d 564 (1995), at paragraph one of the syllabus, the court held:

{¶13} "A trial court may exclude a person from appearing as a witness on behalf of a criminal defendant at trial if the court determines that the witness will not offer any testimony, but merely intends to assert the Fifth Amendment privilege against self-incrimination. (*Columbus v. Cooper* (1990), 49 Ohio St.3d 42, * * *, distinguished and limited.) (Parallel citation omitted.)

{¶14} We review a trial court's decision to quash a subpoena for abuse of discretion. *Petro v. North Coast Villas Ltd.*, 136 Ohio App.3d 93, 96 (9th Dist.2000). Regarding this standard, we recall the term "abuse of discretion" is one of art, connoting judgment exercised by a court which neither comports with reason, nor the record. *State v. Ferranto*, 112 Ohio St. 667, 676-678 (1925). An abuse of discretion may be found when the trial court "applies the wrong legal standard, misapplies the correct legal standard, or relies on clearly erroneous findings of fact." *Thomas v. Cleveland*, 176 Ohio App.3d 401, 2008-Ohio-1720, ¶15 (8th Dist.)

{¶15} Ms. Knight's attorney informed the trial court his client intended to assert her Fifth Amendment privilege if called to testify. This was a bench trial. The trial court allowed Agent Lincoln to testify as to what Ms. Knight had told him – that she was certain Mr. Bussell had not taken the photographs, and that she thought she may done

5

so, herself. Under the circumstances, the trial court did not abuse its discretion in quashing the subpoena.

**{¶16}** The first assignment of error lacks merit.

**{¶17}** The second assignment of error reads: "The trial court erred as a matter of law in denying Bussle's Crim.R. 29 motion because the state failed to establish on the record sufficient evidence to support the charges levied against Bussle in violation of the due process clause of the 14th Amendment to the U.S. Constitution and Article I, Sections 1, 10 & 16 of the Ohio Constitution."

**{¶18}** A Crim.R. 29 motion challenges the sufficiency of the evidence presented by the state. *State v. Wireman*, 4th Dist. Pike No. 01CA662, 2002 WL 971842, *2 (April 2, 2002). Regarding a challenge to the sufficiency of evidence, this court has held:

**{¶19}** "'Sufficiency' challenges whether the prosecution has presented evidence on each element of the offense to allow the matter to go to the jury, * * *.

**{¶20}** "'"(* * *) (T)he test (for sufficiency of the evidence) is whether after viewing the probative evidence and the inference drawn therefrom in the light most favorable to the prosecution, any rational trier of fact could have found all of the elements of the offense beyond a reasonable doubt. *The claim of insufficient evidence invokes an inquiry about due process. It raises a question of law, the resolution of which does not allow the court to weigh the evidence.* (Emphasis added.)'

**{¶21}** "In other words, the standard to be applied on a question concerning sufficiency is: when viewing the evidence 'in a light most favorable to the prosecution,' * * * '(a) reviewing court (should) not reverse a jury verdict where there is substantial evidence upon which the jury could reasonably conclude that all of the elements of an

6

offense have been proven beyond a reasonable doubt.'" (Citations omitted.) *State v. Schlee,* 11th Dist. Lake No. 93–L–082, 1994 WL 738452, *4-5 (Dec. 23, 1994).

**{¶22}** Mr. Bussle was convicted on two counts of pandering sexually oriented matter involving a minor, in violation of R.C. 2907.322. The statute provides, in pertinent part:

**{¶23}** "(A) No person, with knowledge of the character of the material or performance involved, shall do any of the following:

**{¶24}** "(1) Create, record, photograph, film, develop, reproduce, or publish any material that shows a minor participating or engaging in sexual activity, masturbation, or bestiality;

**{¶25}** "(2) Advertise for sale or dissemination, sell, distribute, transport, disseminate, exhibit, or display any material that shows a minor participating or engaging in sexual activity, masturbation, or bestiality;

**{¶26}** "(3) Create, direct, or produce a performance that shows a minor participating or engaging in sexual activity, masturbation, or bestiality;

**{¶27}** "(4) Advertise for presentation, present, or participate in presenting a performance that shows a minor participating or engaging in sexual activity, masturbation, or bestiality;

**{¶28}** "(5) * * *

**{¶29}** "(6) Bring or cause to be brought into this state any material that shows a minor participating or engaging in sexual activity, masturbation, or bestiality, or bring, cause to be brought, or finance the bringing of any minor into or across this state with the intent that the minor engage in sexual activity, masturbation, or bestiality in a

7

performance or for the purpose of producing material containing a visual representation depicting the minor engaged in sexual activity, masturbation, or bestiality."

{¶30} One of the photographs depicted S.M. licking Ms. David's nipples. Another depicted both S.M. and D.D. licking Ms. David's nipples. R.C. 2907.01 provides, in pertinent part:

{¶31} "As used in sections 2907.01 to 2907.38 of the Revised Code:

{¶32} "(A) 'Sexual conduct' means vaginal intercourse between a male and female; anal intercourse, fellatio, and cunnilingus between persons regardless of sex; and, without privilege to do so, the insertion, however slight, of any part of the body or any instrument, apparatus, or other object into the vaginal or anal opening of another. Penetration, however slight, is sufficient to complete vaginal or anal intercourse.

{¶33} "(B) 'Sexual contact' means any touching of an erogenous zone of another, including without limitation the thigh, genitals, buttock, pubic region, or, if the person is a female, a breast, for the purpose of sexually arousing or gratifying either person.

{¶34} "(C) 'Sexual activity' means sexual conduct or sexual contact, or both."

{¶35} The photographs of the girls licking Ms. David's nipples meet the definition of "sexual contact" set forth at R.C. 2907.01(B), and thus constitute "sexual activity" for purposes of R.C. 2907.322. Mr. Bussle argues that there is no evidence the photographs were taken with the purpose of sexually arousing either him or any of the three females. However, as we observed in *State v. Hake*, 11th Dist. Trumbull No. 2007-T-0091, 2008-Ohio-1332, ¶26:

{¶36} "[W]e have previously held that '(i)t is sufficient to present circumstantial

8

evidence from which the finder of fact can infer the purpose of the act was for sexual gratification; no direct evidence of the accused's mental state is required.' *State v. Tennyson* (Nov. 21, 2001), 11th Dist. No. 98-L-219, 2001 Ohio App. LEXIS 5211, at 8, citing *State v. Said* (Mar. 26, 1993), 11th Dist. No. 92-L-018, 1993 Ohio App. LEXIS 175, at 16. 'A sexual purpose can be inferred from the nature of the act itself if a reasonable person would find that act sexually stimulating to either the offender or the victim.' *Id.* 'The relevant inquiry is would an ordinary prudent person or a reasonable person sitting as a juror perceive from the defendant's actions, and all of the surrounding facts and circumstances, that *the defendant's purpose* or specific intention was arousal or gratification of sexual desire?' *State v. Horrigan* (Feb. 19, 1999), 2d Dist. No. 17260, 1999 Ohio App. LEXIS 1100, at 10." (Emphasis sic.)

{¶37} The trial court could easily find that the photographs of S.M. and or D.D. licking Ms. David's nipples to be meant to supply sexual gratification.

{¶38} Mr. Bussle was also convicted on three counts of illegal use of a minor in nudity-oriented material or performance in violation of R.C. 2907.323. These counts evidently relate to the pictures showing the girls and Ms. David with their arms around each other, or the girls sticking out their tongues. The statute provides, in pertinent part:

{¶39} "(A) No person shall do any of the following:

{¶40} "(1) Photograph any minor who is not the person's child or ward in a state of nudity, or create, direct, produce, or transfer any material or performance that shows the minor in a state of nudity, unless both of the following apply:

{¶41} "(a) The material or performance is, or is to be, sold, disseminated, displayed, possessed, controlled, brought or caused to be brought into this state, or

9

presented for a bona fide artistic, medical, scientific, educational, religious, governmental, judicial, or other proper purpose, by or to a physician, psychologist, sociologist, scientist, teacher, person pursuing bona fide studies or research, librarian, member of the clergy, prosecutor, judge, or other person having a proper interest in the material or performance;

**{¶42}** "(b) The minor's parents, guardian, or custodian consents in writing to the photographing of the minor, to the use of the minor in the material or performance, or to the transfer of the material and to the specific manner in which the material or performance is to be used."

**{¶43}** Ms. David and S.M. both testified that Mr. Bussle took the photographs, and directed the poses. He was not the father or guardian of S.M. and D.D.; the girls were topless. The exceptions to liability set forth at R.C. 2907.323(A)(1)(a) and (b) do not apply. Consequently, the state introduced sufficient evidence that Mr. Bussle violated R.C. 2907.323.

**{¶44}** The second assignment of error lacks merit.

**{¶45}** The third assignment of error reads: "Bussle's convictions are against the manifest weight of the evidence possession in violation of the due process clause of the 14th Amendment to the U.S. Constitution and Article I, Sections 1, 10, & 16 of the Ohio Constitution." In support of this assignment of error, Mr. Bussle notes that everyone at his October 12, 2013 party was extremely intoxicated, and asserts none could have a clear memory of the events. He further observes the photographs were on Ms. David's phone, not any of his, and that Ms. David received a favorable plea deal from the state.

10

He emphasizes the fact that Danielle Knight told Agent Lincoln that Mr. Bussle definitely did not take the photographs, and that she may have been responsible.

**{¶46}** Regarding manifest weight challenges, this court has held:

"'In determining whether the verdict was against the manifest weight of the evidence, "(* * *)(t)he court reviewing the entire record, *weighs the evidence* and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. (* * *)'"'" (Citations omitted.) (Emphasis sic.) *State v. Schlee*, *supra*, at *4-5.

**{¶47}** A judgment of a trial court should be reversed as being against the manifest weight of the evidence "'only in the exceptional case in which the evidence weighs heavily against the conviction.'" *State v. Thompkins*, 78 Ohio St.3d 380, 387 (1997).

**{¶48}** With respect to the manifest weight of the evidence, we note that the jury is in the best position to assess the credibility of witnesses. *State v. DeHass*, 10 Ohio St.2d 230, paragraph one of the syllabus (1967).

**{¶49}** Despite discrepancies in their testimony regarding events leading up to the taking of the photographs, both Ms. David and S.M. insisted Mr. Bussle suggested it, directed the poses, and took the photographs. The trial court could choose to accept their testimony rather than the statement of Ms. Knight relayed by Agent Lincoln. Consequently, Mr. Bussle's convictions are not against the manifest weight of the evidence.

11

**{¶50}** The third assignment of error lacks merit.

**{¶51}** The judgment of the Portage County Court of Common Pleas is affirmed.


THOMAS R. WRIGHT, J., concurs,

DIANE V. GRENDELL, J., concurs in judgment only.