OPINION
{¶ 1} Appellant, Kevin J. McKinney, appeals from the Lake County Court of Common Pleas' June 30, 2006 judgment of his conviction and sentence for theft, complicity to theft, and robbery. For the reasons that follow, we affirm.
 {¶ 2} Substantive Facts and Procedural History
 {¶ 3} The charges raised against appellant stem from an incident that occurred at the Burlington Coat Factory of Mentor, Ohio, on October 27, 2005. Appellant and his *Page 2 
friend, William Lee ("Mr. Lee"), who was carrying a bag of stolen merchandise, triggered the security alarms of the store when exiting and fled to the parking lot. After an altercation with the security officer, Richard Kopp ("Mr. Kopp"), over the stolen merchandise, appellant and Mr. Lee fled the scene. Appellant was apprehended by the Wickliffe police and arrested by the Mentor police who arrived later on the scene.
 {¶ 4} Subsequently, appellant was indicted on February 14, 2006, for one count of theft, a felony of the fifth degree in violation of R.C.2913.02, one count of complicity to theft, a fifth degree felony in violation of R.C. 2923.03, and one count of robbery, a felony of the third degree in violation of R.C. 2911.03(A)(3).
 {¶ 5} On May 1, 2006, the trial court filed a judgment entry that accepted and entered appellant's guilty plea to the counts of theft and robbery. Subsequently, appellant made a motion to withdraw his plea, and on June 6, 2006, the trial court granted appellant's motion and set the case for jury trial on June 26, 2006. A jury trial was held on June 26 and June 27, 2006. During trial, the state presented the testimony of Ms. Berinti, Mr. Kopp, Patrolman Moreland, and Patrolman Leitch. The defense rested after the state's case-in-chief. The jury returned a verdict of guilty on all three counts, finding appellant guilty of theft, complicity to theft, and robbery. Following the verdict, on June 27, 2006, appellant was sentenced to a prison term of eighteen months, which was comprised of two concurrent six month terms for the counts of theft and complicity to theft, to be served consecutively to a one year term for the count of robbery.
 {¶ 6} Appellant timely appealed and now raises the following seven assignments of error: *Page 3 
 {¶ 7} "[1.] The trial court erred to the prejudice of the defendant-appellant when it denied his motion for acquittal made pursuant to Crim.R. 29(A).
 {¶ 8} "[2.] The trial court erred to the prejudice of the defendant-appellant when it returned a verdict of guilty against the manifest weight of the evidence.
 {¶ 9} "[3.] The trial court erred when it sentenced the defendant-appellant to consecutive prison terms in violation of the due process and ex post facto clauses of the Ohio and United States Constitutions.
 {¶ 10} "[4.] The trial court erred when it sentenced the defendant-appellant to consecutive prison terms in violation of defendant-appellant's right to due process.
 {¶ 11} "[5.] The trial court erred when it sentenced the defendant-appellant to consecutive prison terms based on the Ohio Supreme Court's severance of the offending provisions underFoster, which was an act in violation of the principle of separation of powers.
 {¶ 12} "[6.] The trial court erred when it sentenced the defendant-appellant to consecutive prison terms contrary to the rule of lenity.
 {¶ 13} "[7.] The trial court erred when it sentenced the defendant-appellant to consecutive prison terms contrary to the intent of the Ohio legislators."
 {¶ 14} Sufficiency of the Evidence
 {¶ 15} In his first assignment of error, appellant argues that the trial court erred by denying his motion for acquittal made pursuant to Crim.R. 29(A), which he made at the close of appellee's case. Appellant contends that the trial court erred in denying his Crim.R. 29(A) motion for acquittal since the state failed to prove beyond a reasonable doubt that he committed the crimes of theft, complicity to theft, and robbery. *Page 4 
 {¶ 16} In State v. Bridgeman (1978), 55 Ohio St.2d 261, "the Supreme Court of Ohio established the test for determining whether a Crim.R. 29 motion for acquittal is properly denied. The Supreme Court stated that: `[p]ursuant to Crim.R. 29(A), a court shall not order an entry of judgment of acquittal if the evidence is such that reasonable minds can reach different conclusions as to whether each material element of a crime has been proved beyond a reasonable doubt.'" State v.Teachout, 11th Dist. No. 2006-L-081, 2007-Ohio-1642, at ¶ 34, citingBridgeman at syllabus. "Thus, when an appellant makes a Crim.R. 29 motion, he or she is challenging the sufficiency of the evidence introduced by the state." Id. citing State v. Patrick, 11th Dist. Nos. 2003-T-0166 and 2003-T-0167, 2004-Ohio-6688, at ¶ 18.
 {¶ 17} "[Sufficiency of the evidence * * * challenges whether the state has presented evidence for each element of the charged offense. The test for sufficiency of the evidence is whether, after viewing the probative evidence and the inferences drawn from it, in a light most favorable to the prosecution, any rational trier of fact could find all elements of the charged offense proven beyond a reasonable doubt." State v.Grayson, 11th Dist. No. 2006-L-153, 2007-Ohio-1772, at ¶ 18, citingState v. Barno, 11th Dist. No. 2000-P-0100, 2001 Ohio App. LEXIS 4280, at 16, citing State v. Jones (2001), 91 Ohio St.3d 335, 345.
 {¶ 18} "Whether sufficient evidence has been presented is a question of law, thus, an appellate court is not permitted to weigh the evidence when making this inquiry." Teachout at ¶ 36, quoting State v.Schlee (Dec. 23, 1994), 11th Dist. No. 93-L-082, 1994 Ohio App. LEXIS 5862, at 13. "In other words, the standard to be applied on a question concerning sufficiency is: when viewing the evidence `in a light most *Page 5 
favorable to the prosecution,' * * * `[a] reviewing court [should] not reverse a jury verdict where there is substantial evidence upon which the jury could reasonably conclude that all of the elements of an offense have been proven beyond a reasonable doubt.' * * *"Teachout at ¶ 38.
 {¶ 19} "* * * [A] reviewing court must look to the evidence presented * * * to assess whether the state offered evidence on each statutory element of the offense, so that a rational trier of fact may infer that the offense was omitted beyond a reasonable doubt." Id. at ¶ 39, citingState v. March (July 16, 1999), 11th Dist. No. 98-L-065, 1999 Ohio App. LEXIS 3333, at 8. "The evidence is to be viewed in a light most favorable to the prosecution when conducting this inquiry." Id. citingState v. Jenks (1991), 61 Ohio St.3d 259, paragraph two of the syllabus. "Further, the verdict will not be disturbed on appeal unless the reviewing court finds that reasonable minds could not have arrived at the conclusion reached by the trier of fact." Id. citing State v.Dennis (1997), 79 Ohio St.3d 421, 430.
 {¶ 20} In the present case, the state presented evidence and testimony of four witnesses, Mr. Kopp, the security guard for Burlington Coat Factory, Ms. Beth Berinti, the assistant store manager, Patrolman Dan Moreland of the Wickliffe Police Department, and Patrolman Ben Leitch of the Mentor Police Department. The evidence established that on October 27, 2005, appellant and William Lee went through the doors of Burlington Coat Factory without stopping at a cash register and triggered the alarm. Appellant and Mr. Lee, who was carrying a "Nike" bag (not a "Burlington Coat Factory" bag) full of items, to which hangers and sensors were still attached, fled to the parking lot. While fleeing to appellant's vehicle, a maroon Dodge Intrepid, an item of clothing *Page 6 
fell from Mr. Lee's bag. Ms. Berinti and Mr. Kopp chased after them. Ms. Berinti testified that at that point, she was ten yards away from the vehicle and was trying to obtain as much information as possible about the vehicle, while she simultaneously called the police. She was also watching Mr. Lee and Mr. Kopp, who were wrestling with the bag of stolen items. Appellant left the vehicle, with the motor still running to assist Mr. Lee. Ms. Berinti then yelled "Richard" [Mr. Kopp] in order to alert him to appellant's presence because she saw appellant raise his hand in what looked like an attempt to strike him. At this point, Mr. Kopp's and Ms. Berinti's testimony conflict as to whether appellant raised a closed fist or an open fist, but both testified that appellant made a threatening gesture as if to hit Mr. Kopp. Mr. Kopp testified that whatever appellant's movement, he felt threatened by it and was concerned for his safety. In addition, Ms. Berinti when testifying about the incident stated: "That caused me to yell Rich's name, because I was afraid that he was gonna take a swing at him." Both also testified that appellant told Mr. Kopp to "Leave my nigger alone."
 {¶ 21} Appellant and Lee both jumped into appellant's vehicle and fled the scene. Officer Leitch of the Mentor Police Department responded to the scene and put out a dispatch on the radio. Patrolman Daniel Moreland of the Wickliffe Police Department heard the call and after running appellant's license plate number that gave him an address in Cleveland, correctly deducted that appellant would be driving through Wickliffe on Interstate 90 heading westbound for Cleveland.
 {¶ 22} Patrolman Moreland pulled over the vehicle in the area of East 228th Street and North Marginal Road in Euclid. He approached the vehicle and observed three people in the vehicle: appellant in the driver's seat, Ms. Erika Buckner in the front *Page 7 
passenger's seat, and Mr. Lee in the left rear passenger's seat. Patrolman Moreland ordered appellant to turn off his vehicle and hand him his keys. Soon, two additional Wickliffe police units arrived at the scene and one Euclid police unit arrived as well. The Mentor police then arrived on the scene and took custody of all three occupants of the vehicle, later letting Ms. Buckner leave with appellant's vehicle. Officer Leitch, the Mentor police officer who initially secured the scene at Burlington Coat Factory, brought Mr. Kopp to Euclid to identify appellant, Mr. Lee, and the merchandise.
 {¶ 23} The merchandise was found in a grey Nike bag, most of which was still on hangers, and all with the sensors attached. The merchandise was taken back to Burlington Coat Factory, where Ms. Berinti discovered that the Nike bag contained a total of twenty-eight stolen items. The value of the twenty-eight items of merchandise, plus the item that had been recovered when appellant was initially fleeing the parking lot, was calculated at $706.42. The defense rested at the close of the state's case-in-chief.
 {¶ 24} Sufficiency of Evidence
 {¶ 25} With respect to the first issue, appellant argues that the state failed to prove beyond a reasonable doubt that he knowingly and purposely obtained or exerted control over Burlington Coat Factory's property. Thus, appellant contends that the trial court erred by denying his motion for acquittal made pursuant to Crim.R. 29(A), which he made at the close of appellee's case.
 {¶ 26} As we stated above: "Pursuant to Crim.R.29(A), a court shall not order an entry of judgment of acquittal if the evidence is such that reasonable minds can reach different conclusions as to whether each material element of a crime has been proved *Page 8 
beyond a reasonable doubt." Teachout at ¶ 34, citing Bridgeman at syllabus. "Thus, when an appellant makes a Crim.R. 29 motion, he or she is challenging the sufficiency of the evidence introduced by the state." Id. citing State v. Patrick, 11th Dist. Nos. 2003-T-0166 and 2003-T-0167, 2004-Ohio-6688, ¶ 18. Thus, we turn our inquiry towards the elements of the charged offenses and the evidence the state produced.
 {¶ 27} Theft Offense
 {¶ 28} Specifically, appellant argues that the state failed to prove that appellant's purpose was to steal merchandise, that he had no knowledge that Mr. Lee was fleeing the store with stolen merchandise, and that he did not exert control over the stolen merchandise that was found in his vehicle.
 {¶ 29} The offense of theft is defined in R.C. 2913.02(A)(1), which provides: "No person, with purpose to deprive the owner of property or services, shall knowingly obtain or exert control over either the property or services * * * [w]ithout the consent of the owner or person authorized to give consent * * *."
 {¶ 30} Pursuant to R.C. 2901.22(A), a person acts "purposely" when "it is his specific intention to cause a certain result, or when the gist of the offense is a prohibition against conduct of a certain nature, regardless of what the offender intends to accomplish thereby, it is his specific intention to engage in the conduct of that nature."
 {¶ 31} Pursuant to R.C. 2901.22(B), a person acts "knowingly" when "regardless of his purpose, when he is aware that his conduct will probably cause a certain result or will probably be of a certain nature. A person has knowledge of circumstances when he is aware that such circumstances probably exist." *Page 9 
 {¶ 32} On the issue of "exerting control" the jury was properly instructed that to control means "to exercise dominion over the property of another so as to interfere with the owner's intended use of the property or to deprive the owner of its property. Driving away from a store with stolen property or merchandise that was not purchased is exercising or exerting control over that property."
 {¶ 33} Appellant contends that the state did not prove that appellant purposely deprived Burlington Coat Factory of its merchandise, did not knowingly steal the merchandise, and that he never exerted control over the property. We reject these contentions. "The state may present circumstantial evidence to prove an essential element of the offense."In the Matter of Lame (Sept. 25, 1998), 11th Dist. Nos. 96-P-0265, 96-P-0266, and 96-P-0267, 1998 Ohio App. LEXIS 4532, 9, citingJenks at 263-264. "In addition, circumstantial evidence can be used to support a conviction `even if that evidence is reconcilable with a reasonable theory of innocence.'" Id. citing State v. Singletary (Aug. 26, 1994), 11th Dist. No. 93-A-1786, 1994 Ohio App. LEXIS 3745, 6.
 {¶ 34} The state introduced sufficient evidence from which the jury could find that appellant committed theft when he fled the scene with stolen merchandise in his car. That appellant did not physically carry the merchandise out of the store is immaterial, as the state presented sufficient evidence from which the jury could find that appellant exerted control over the stolen merchandise and that he knew he was stealing when he and Mr. Lee left the store without stopping at a cash register and when the alarms were triggered as they fled the store. Moreover, one may make a reasonable inference from the fact that appellant took immediate flight with Mr. Lee that he knew he was fleeing the scene with stolen merchandise. The merchandise was then taken from the scene *Page 10 
by appellant and later found in appellant's car when Patrolman Moreland apprehended appellant. Despite his contentions, the evidence provided sufficient grounds for the trial court to conclude that the state met its burden of proof and established that appellant had actual or constructive possession of the stolen merchandise. Thus, there was adequate evidence presented as to each material element of the offense to support a denial of the Crim.R. 29 motion.
 {¶ 35} It is well established in Ohio law, as archaically described as early as 1870, that: "`[t]he least removing of the entire thing taken, with an intent to steal it, if the thief thereby, for the instant obtain the entire and absolute possession of it, is a sufficient asportation though the property be not removed from the premises of the owner, nor retained in the possession of the thief.'" State v. Fortson (June 15, 1981), 11th Dist. No. 1022, 1981 Ohio App. LEXIS 14659, 4, citingEckels v. Ohio (1870), 20 Ohio St. 508. Thus, in more modern parlance, for control to have been exerted by appellant, it would have been sufficient for appellant to have merely moved the property even if appellant had not gone so far as to remove the stolen merchandise from the premises and even if appellant had not been apprehended with the merchandise in his possession in another city. Appellant himself placed the stolen merchandise in his vehicle. Surely, this is sufficient evidence of knowingly exerting control over the property of another with an intent to deprive.
 {¶ 36} Robbery
 {¶ 37} Appellant next contends that the state failed to produce sufficient evidence that he committed robbery since the state did not produce evidence that he "inflicted, attempted to inflict, or threatened to inflict harm on another." R.C. 2911.02(A)(2). We *Page 11 
disagree, finding that the state produced sufficient evidence from which the jury could find that appellant threatened to inflict harm on Mr. Kopp.
 {¶ 38} Although the state produced conflicting evidence as to whether appellant raised his hand as if to swing at Mr. Kopp with a fist as Ms. Berinti testified, or with an open palm, as Mr. Kopp testified, both testified that appellant made a fighting gesture. Furthermore, Mr. Kopp testified that he feared appellant would strike him, which was why he made the decision to retreat and allow appellant to flee the scene with the stolen merchandise. Ms. Berinti called out to Mr. Kopp to alert him when she saw appellant raise his hand as if to strike him. Thus, there was sufficient evidence from which the jury could find that appellant "inflicted, attempted to inflict, or threatened to inflict physical harm on another."
 {¶ 39} Complicity to Theft
 {¶ 40} Finally, appellant contends that the state failed to prove appellant had knowledge that the merchandise Mr. Lee was carrying out of the store was stolen. Thus, appellant argues, he could not have committed complicity to theft since he did not know he was fleeing with stolen goods. We reject this contention.
 {¶ 41} The state clearly carried its burden of proof when it introduced evidence that appellant picked up the stolen merchandise from the passenger side of his vehicle after ending the tug-of-war between Mr. Kopp and Mr. Lee and that he drove away from Burlington Coat Factory with these items in his vehicle. Clearly, the jury could find beyond a reasonable doubt that by doing so, appellant "aided and abetted" Mr. Lee in stealing these items. *Page 12 
 {¶ 42} "As a general proposition, a motion for a judgment of acquittal should be overruled if the state's evidence is such that reasonable minds could reach different conclusions as to whether the state had established each element of the charged offense beyond a reasonable doubt." State v. Martin (Dec. 6, 1996) 11th Dist. No. 95-L-139, 1996 Ohio App. LEXIS 5509, 10.
 {¶ 43} Appellant's first assignment of error is without merit.
 {¶ 44} Manifest Weight
 {¶ 45} In his second assignment of error, appellant contends that the jury verdict is against the manifest weight of the evidence.
 {¶ 46} "Unlike sufficiency of the evidence, manifest weight of the evidence raises a factual issue. The court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of the witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.'" State v. Higgens, 11th Dist. No. 2005-L-215, 2006-Ohio-5372, at ¶ 35, citing State v. Thompkins,78 Ohio St.3d 380, 387.
 {¶ 47} Further, "[t]he discretionary power to grant a new trial should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction." State v. Fritts, 11th Dist. No. 2003-L-026, 2004-Ohio-3690, at ¶ 23, citing State v. Martin (1983), 20 Ohio App.3d 172, 175. This is so since "[t]he role of the appellate court is to engage in a limited weighing of the evidence introduced at trial in order to determine whether the state appropriately carried its burden of persuasion." Id. citing Thompkins at 390 (Cook, J. concurring). "The reviewing court must defer to the *Page 13 
factual findings of the trier of fact as to the weight to be given the evidence and the credibility of the witnesses." Id. citing State v.DeHass (1967), 10 Ohio St.2d 230, paragraph one of the syllabus.
 {¶ 48} Based upon the aforementioned evidence and testimony that the state presented, we cannot conclude that the jury lost its way or created a manifest miscarriage of justice when it convicted appellant for theft, complicity to theft, and robbery. Appellant contends that the evidence shows he was merely assisting a friend. However, appellant introduced no evidence to support his assertions. The state, however, presented testimony of four witnesses and carried their burden of proof on each offense. Thus, there is nothing to indicate that the jury lost its way.
 {¶ 49} "It is well-settled that when assessing the credibility of witnesses, `[t]he choice between credible witnesses and their conflicting testimony rests solely with the finder of fact and an appellate court may not substitute its own judgment for that of the finder of fact.'" Grayson at ¶ 31, citing State v. Awan (1986),22 Ohio St. 3d 120, 123. "Indeed, the factfinder is free to believe all, part, or none of the testimony of each witness appearing before it." Id. citing Warren v. Simpson (Mar. 17, 2000), 11th Dist. No. 98-T-0183, 2000 Ohio App. LEXIS 1073, 8. Thus, we defer the credibility of the state's witnesses to the jury, the finder of fact, and cannot hold in this case that the jury clearly lost its way. Appellant's second assignment of error is without merit.
 {¶ 50} Post-Foster Sentencing Issues
 {¶ 51} We note that the issues contained in appellant's next four assignments of error have recently been raised and rejected by this court in numerous prior decisions of this court. See State v.Green, 11th Dist. Nos. 2005-A-0069 and 2005-A-0070, 2006- *Page 14 
Ohio-6695; State v. Elswick, 11th Dist. No. 2006-L-075, 2006-Ohio-7011;State v. Asbury, 11th Dist. No. 2006-L-097, 2007-Ohio-1073; State v.Anderson, 11th Dist. No. 2006-L-142, 2007-Ohio-1062; State v.Spicuzza, 11th Dist. No. 2006-L-141, 2007-Ohio-783.
 {¶ 52} These same arguments have also been consistently rejected by other Ohio appellate districts and federal courts. See State v.Gibson, 10th Dist. No. 06AP-509, 2006-Ohio-6899; State v. Moore, 3d Dist. No. 1-06-51, 2006-Ohio-6860; United States v.Portillo-Quezada (C.A.10 2006), 469 F.3d 1345, 1354-1356, and the cases cited therein.
 {¶ 53} Thus, based on our prior decisions, appellant's assignments of error are without merit.
 {¶ 54} The judgment of the Lake County Court of Common Pleas is affirmed.
CYNTHIA WESTCOTT RICE, P.J.,
JUDITH A. CHRISTLEY, J., Ret., Eleventh Appellate District, sitting by assignment, concur. *Page 1