OPINION
{¶ 1} Appellant, Josh Camplese, appeals from the August 27, 2007 judgment entry of the Ashtabula County Court, Eastern District, which sentenced him to a ninety day term of imprisonment for one count of criminal damaging, a misdemeanor of the second degree. For the following reasons, we affirm.
 {¶ 2} Substantive and Procedural History *Page 2 
 {¶ 3} On November 8, 2006, Mr. Bruce A. Rich ("Mr. Rich"), the victim in this case, was working as a supervisor for Ken Forging, a company located in Jefferson Township, Ashtabula County. Mr. Rich ended his shift at approximately 11:30 p.m. He went out to the parking lot and found that the front windshield of his vehicle, as well as the driver and passenger side front windows, had been shattered while he had been working.
 {¶ 4} Appellant ("Mr. Camplese"), an employee of Ken Forging who was under the direct supervision of Mr. Rich, was subsequently charged as the perpetrator of the incident with one count of criminal damaging, in violation of R.C. 2909.06(A)(1), a second degree misdemeanor. The case proceeded to a bench trial, where Mr. Rich and another employee, Robert Owens ("Mr. Owens"), testified for the state. Mr. Camplese and his girlfriend, Ada Hershberger ("Ms. Hershberger"), testified for the defense.
 {¶ 5} Mr. Rich testified that he was Mr. Camplese's direct supervisor for his afternoon shift from the time Mr. Rich began his shift at 2:30 p.m. until 5:30 p.m., the time Mr. Camplese's shift ended. Mr. Camplese received his performance evaluation from another supervisor earlier on the day of the incident, November 8, 2006. Mr. Rich had his first encounter with Mr. Camplese for the day when Mr. Camplese returned from his lunch at 3:00 p.m. Mr. Camplese was very sarcastic, which Mr. Rich assumed was due to his poor evaluation. He had been having problems with Mr. Camplese's job performance regarding time issues, quitting early and rearranging time cards. Mr. Rich testified that Mr. Camplese left at his normal end time, 5:30 p.m., and that when his shift ended at 11:30 p.m. he discovered the windows of his motor vehicle had been smashed. The damages cost him approximately $500 to repair. *Page 3 
 {¶ 6} His next encounter with Mr. Camplese occurred in April of 2007, several months after Mr. Camplese was fired from Ken Forging. Mr. Rich was returning from his morning power walk when he saw Mr. Camplese standing at the end of his driveway. Mr. Camplese made threats of bodily harm, and then informed Mr. Rich that he had shot out Mr. Rich's windows with a BB gun and that he would do it again.
 {¶ 7} Mr. Owens, a fellow employee of Mr. Camplese, testified that Mr. Camplese admitted to him that he shot Mr. Rich's windows out with a BB gun. When Mr. Owens started his shift on December 20, 2006, about a month after the incident, he and Mr. Camplese argued over what radio station to play. Mr. Camplese threatened Mr. Owens, telling him "[d]on't mess with me I'll hit you where it hurts. People don't cross me. You saw what I did to Bruce's truck. I hit him where it hurts, in his pocketbook. I'll do the same to you." Sometime later, Mr. Owens encountered Mr. Camplese at the Ashtabula Walmart parking lot as he was heading into the store with his young son. Mr. Camplese got out of his vehicle and "got in his face, telling him that `[h]ey, this ain't over. You still got it coming. Bruce still has it coming. Tony, he's still got it coming.'"
 {¶ 8} Ms. Hershberger, Mr. Camplese's girlfriend and mother of his two children, testified as an alibi witness. She testified that on November 8, 2006, Mr. Camplese arrived at their home from his shift at approximately 5:45 p.m. She was certain of the time because she needed to use their only car to get to her shift at McDonald's, which began at 6:00 p.m. She testified that Mr. Camplese was taking care of the children that night while she worked.
 {¶ 9} Mr. Camplese then testified, denying any wrongdoing as well as the charges against him. He was terminated on December 21, 2006, by the president of *Page 4 
Ken Forging, Tony Pasanen. He denied ever shooting Mr. Rich's windows with a BB gun and learned of the incident the following day, November 9, 2006. News of the incident was the "buzz of the shop."
 {¶ 10} Mr. Camplese admitted to having a conversation with Mr. Rich sometime in April 2007, but gave a different version of the event. Mr. Camplese was driving down East 6th Street, when Mr. Rich, who was power walking, "flipped him off." Mr. Rich's gesture prompted him to pull over and ask what the problem was. He further acknowledged the argument he had with Mr. Owens on December 20, 2006, over the radio, and elaborated that he complained to the shift supervisor, while at the same time, Mr. Owens complained to Mr. Pasanen. The next day he was fired. He denied threatening Mr. Owens at Walmart, denying that the incident ever occurred.
 {¶ 11} The court found Mr. Camplese guilty as charged, sentenced him to ninety days in the Ashtabula County jail, and ordered him to pay a $300 fine and $500 in restitution.
 {¶ 12} Mr. Camplese timely appealed and raises two assignments of error:
 {¶ 13} "[1.] The Trial Court erred in convicting where there was a complete failure of proof showing the crime took place in Ashtabula County, Ohio.
 {¶ 14} "[2.] The Trial Court wrongly abandoned its impartial judicial role when it suggested lines of questions to the prosecution on ownership of the vehicle and the time of ownership of the vehicle."
 {¶ 15} Proving Venue
 {¶ 16} In his first assignment of error, Mr. Camplese challenges whether the state introduced evidence that the crime occurred in Jefferson Township of *Page 5 
Ashtabula County, Ohio. Thus, Mr. Camplese essentially challenges the sufficiency of the evidence.
 {¶ 17} "[S]ufficiency of the evidence * * * challenges whether the state has presented evidence for each element of the charged offense. The test for sufficiency of the evidence is whether, after viewing the probative evidence and the inferences drawn from it, in a light most favorable to the prosecution, any rational trier of fact could find all elements of the charged offense proven beyond a reasonable doubt." State v.Hake, 11th Dist. No. 2007-T-0091, 2008-Ohio-1332, ¶ 18, citing State v.McKinney, 11th Dist. No. 2006-L-169, 2007-Ohio-3389, ¶ 17 (citations omitted).
 {¶ 18} "Whether sufficient evidence has been presented is a question of law, thus, an appellate court is not permitted to weigh the evidence when making this inquiry." Id. at ¶ 19, citing McKinney at ¶ 18, citingState v. Teachout, 11th Dist. No. 2006-L-081, 2007-Ohio-1642, ¶ 36, quoting State v. Schlee (Dec. 23, 1994), 11th Dist. No. 93-L-082, 1994 Ohio App. LEXIS 5862, 13. "In other words, the standard to be applied on a question concerning sufficiency is: when viewing the evidence `in a light most favorable to the prosecution,' * * * `[a] reviewing court [should] not reverse a jury verdict where there is substantial evidence upon which the jury could reasonably conclude that all of the elements of an offense have been proven beyond a reasonable doubt.' * * *" Id., citing McKinney at ¶ 18, citing Teachout at ¶ 38.
 {¶ 19} Specifically, Mr. Camplese argues that the state produced insufficient evidence to prove that the crime occurred in Jefferson Township of Ashtabula County. Mr. Camplese contends that while testimony was elicited that the criminal damaging occurred in Jefferson and in the state of Ohio, absent from the record is any testimony *Page 6 
that the crime took place in Ashtabula County. Thus, he contends that the location of the crime was not proven since there is a "Jefferson" in Ashtabula, Wayne, and Fairfield Counties in Ohio. We find this contention to be without merit.
 {¶ 20} Pursuant to R.C. 2901.12(A), "[t]he trial of a criminal case in this state shall be held in a court having jurisdiction of the subject matter, and in the territory of which the offense or any element of the offense was committed."
 {¶ 21} "Venue is neither a jurisdiction matter nor a material element of a criminal charge." State v. Cunningham, 11th Dist. No. 2007-L-034,2008-Ohio-1127, ¶ 43, citing State v. Woodliff, 11th Dist. No. 2004-P-0006, 2005-Ohio-2257, ¶ 22. "Venue is a personal privilege. It is a fact which the state must prove beyond a reasonable doubt unless waived by the accused." Id., quoting State v. McCartney (1988),55 Ohio App. 3d 170, citing State v. Headley (1983), 6 Ohio St.3d 475, 477. "Venue need not be proved by express terms so long as it is established by reference to the facts and circumstances of the case." Id.
 {¶ 22} A review of the record does not reveal any confusion as to where the criminal damaging of Mr. Rich's vehicle took place. Rather, a review of the proceedings demonstrates that there was sufficient evidence before the judge to determine beyond a reasonable doubt that the crime could have only occurred in Jefferson Township of Ashtabula County. There is no confusion that Ken Forging is located in Ashtabula County. Nor is there confusion as to which "Jefferson" the parties refer. All the parties resided or worked in Ashtabula County at the time of the incident. This is not a case where a crime was committed in multiple jurisdictions, such as a police chase, drug trafficking, or illegal toxic waste dumping that crossed county lines, and there is *Page 7 
confusion as to which counties the crimes occurred. SeeCunningham, supra, at ¶ 44; State v. Brothers (Dec. 14, 2001), 11th Dist. No. 2000-T-0085, 2001 Ohio App. LEXIS 5636, at 15-16.
 {¶ 23} Indeed, the complaint filed in April 24, 2007 clearly states that "* * * on or about the 8th day of NOVEMBER A.D. 2006, at the Countyof Ashtabula and State of Ohio, One Josh N. Camplese * * * while in thetownship of Jefferson, did knowingly, by any means, cause, or create a substantial risk of, physical harm to any property of another without their consent, * * *." (Emphasis added.)
 {¶ 24} Moreover, Mr. Camplese failed to properly object at the conclusion of trial that the state failed to prove venue. "A defendant waives the requirement to prove venue if he `does not properly object by the conclusion of the trial to the state's failure to prove venue.'"State v. Gibson, 11th Dist. No. 2002-T-0055, 2003-Ohio-5695, ¶ 28;State v. Williams, 11th Dist. No. 2001-A-0044, 2002-Ohio-6919, ¶ 17. "Accordingly, a defendant cannot assert that the state failed to establish venue for the first time on appeal." Id., citing Warren v.Simpson (Mar. 17, 2000), 11th Dist. No. 98-T-0183, 2000 Ohio App. LEXIS 1073.
 {¶ 25} Even though we find sufficient evidence in the record from which the court could find beyond a reasonable doubt that the criminal damaging occurred in Jefferson Township of Ashtabula County, where all the actors in the case either reside, are employed, and/or encountered Mr. Camplese, for purposes of appeal Mr. Camplese has waived this argument.
 {¶ 26} Mr. Camplese's first assignment of error is without merit.
 {¶ 27} Interrogation of Witnesses by the Court *Page 8 
 {¶ 28} In his second assignment of error, Mr. Camplese contends that the trial court abandoned its impartial role and suggested lines of questioning to the prosecutor in regards to the ownership of Mr. Rich's vehicle. Mr. Camplese contends that the court abandoned its role of neutrality and assumed the mantle of an advocate. We find this contention to be without merit.
 {¶ 29} Pursuant to Evid. R. 614:
 {¶ 30} "(B) Interrogation by Court. The court may interrogate witnesses, in an impartial manner, whether called by itself or by a party.
 {¶ 31} "(C) Objections. Objections to the calling of witnesses by the court or to interrogation by it may be made at the time or at the next available opportunity when the jury is not present."
 {¶ 32} Because Mr. Camplese failed to object to the trial court's questioning, he has waived this argument on appeal. "The failure to object generally constitutes a waiver of any error on appeal." State v.Williams (Dec. 24, 1998), 11th Dist. No. 97-T-0148, 1998 Ohio App. LEXIS 6299, 21-22, citing State v. Lewis (1993), 67 Ohio St.3d 200, 203;State v. Thompson (1987), 33 Ohio St.3d 1, 13. We will, however, briefly address Mr. Camplese's argument on the merits.
 {¶ 33} "The right to question witnesses pursuant to Evid. R. 614(B) rests within the sound discretion of the trial court." Id. at 22, citingState v. Prokos (1993), 91 Ohio App.3d 39, 44. "Thus, the standard of review on appeal is whether the trial court abused its discretion in eliciting responses from a witness." Id., citing State v. Davis (1992),79 Ohio Ap.3d 450, 454. "[A] trial court abuses its discretion when it exhibits an *Page 9 
unreasonable, arbitrary, or unconscionable attitude." Id., citingState v. Adams (1980), 62 Ohio St.2d 151, 157.
 {¶ 34} We have previously explained in numerous cases the trial court's role in questioning a witness: "`Evid. R. 614(B) permits a trial judge to interrogate a witness as long as the questions are relevant and do not suggest a bias for one side or the other. * * * Absent a showing of bias, prejudice, or prodding of the witness to elicit partisan testimony, it is presumed that the trial court interrogated the witness in an impartial manner in an attempt to ascertain a material fact or develop the truth. * * * A trial court's interrogation of a witness is not deemed partial for purposes of Evid. R. 614(B) merely because the evidence elicited during the questioning is potentially damaging to the defendant.'" (Citations omitted.) Id. at 22-23, citing Mentor v.Brancatelli (Dec. 5, 1997), 11th Dist. No. 97-L-011, 1997 Ohio App. LEXIS 5439, 5-6, quoting State v. Blankenship (1995),102 Ohio App.3d 534, 548. See, also, State v. Daugherty, 11th Dist. No. 2001-T-0024, 2002-Ohio-1183; State v. Hamilton, 11th Dist. No. 2000-L-003, 2002-Ohio-1681.
 {¶ 35} Specifically, Mr. Camplese contends that the judge improperly suggested a line of questions to the prosecutor in regards to ownership of the damaged vehicle. The prosecutor, who the court acknowledged was new and inexperienced, was questioning Mr. Rich when the judge sought further clarification:
 {¶ 36} "MR. KAPLUCK [state prosecutor]: Had you lent the vehicle to anyone during the day?
 {¶ 37} "MR. RICH: No, I hadn't. *Page 10 
 {¶ 38} "MR. KAPLUCK: Did you have any reason to suspect that the vehicle had been under anyone else's controls?
 {¶ 39} "MR. RICH: No.
 {¶ 40} "THE COURT: You going to cover ownership?
 {¶ 41} "MR. KAPLUCK: Yes.
 {¶ 42} "MR. KAPLUCK: You are the registered owner?
 {¶ 43} "MR. RICH: Yes, I am.
 {¶ 44} "MR. KAPLUCK: Of the vehicle?
 {¶ 45} "MR. RICH: Yes.
 {¶ 46} "THE COURT: How about was he on the date of the alleged offense? You asked if he's the owner today. What's that got to — who cares about the date?
 {¶ 47} "MR. KAPLUCK: I beg Your Honor's pardon.
 {¶ 48} "MR. KAPLUCK: Were you the registered owner on the date that you discovered the damage?"
 {¶ 49} A review of the transcript reveals that the judge did not step into the shoes of an advocate for the state, but was merely attempting to clarify the ownership of the vehicle. Moreover, the elicited testimony did not prejudice Mr. Camplese in any way since whether or not Mr. Rich was the titled owner of the vehicle had no bearing on Mr. Camplese's guilt or innocence. At that point in the trial, it was already established that the "property of another" was damaged "without the other person's consent." R.C. 2909.06(A).
 {¶ 50} We cannot find that in this case the court abused its discretion by prompting this line of questioning. Indeed, if the prosecutor had said no, the court could *Page 11 
have questioned Mr. Rich on the ownership directly and again, no bias or partiality would have been shown. In addition, "because this was a bench trial, the trial court is `accorded greater flexibility in questioning witnesses * * * [because] when there is no jury, there is no one to be prejudicially influenced by the judge's demeanor.'" Daugherty at 4, citing Brancatelli at 10. See, also, Lorenc v. Sciborowski (Mar. 16, 1995), 8th Dist. No. 66945, 1995 Ohio App. LEXIS 951, 4.
 {¶ 51} Thus, our review reveals that the court's questioning was not improper and did not rise to the level of a violation of Evid. R. 614(B). We cannot find an abuse of discretion in the court's question seeking clarification or in the fact that he allowed the prosecutor to question the witness instead of doing so directly.
 {¶ 52} Mr. Camplese's second assignment of error is without merit.
 {¶ 53} The judgment of the Ashtabula County Court, Eastern District, is affirmed.
 CYNTHIA WESTCOTT RICE, J., TIMOTHY P. CANNON, J., concur. *Page 1