[Cite as *State v. Fornash*, 2020-Ohio-3265.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  | JUDGES: |
|---|---|---|
| STATE OF OHIO | : | Hon. W. Scott Gwin, P.J. |
|  | : | Hon. Patricia A. Delaney, J. |
| Plaintiff-Appellee | : | Hon. Earle E. Wise, J. |
|  | : |  |
| -vs- | : |  |
|  | : | Case No. 2019CA00145 |
| KRISTIA FORNASH | : |  |
|  | : |  |
| Defendant-Appellant | : | OPINION |

CHARACTER OF PROCEEDING:     Criminal appeal from the Canton Municipal
                             Court, Case No. 2019CRB02537

JUDGMENT:                    Affirmed

DATE OF JUDGMENT ENTRY:      June 8, 2020

APPEARANCES:

For Plaintiff-Appellee                For Defendant-Appellant

CARRIE FRANKHAUSER                    AARON KOVALCHIK
218 Cleveland Ave. SW                 116 Cleveland Ave. North
Canton, OH 44702                      Canton, OH 44702

*Gwin, P.J.*

{¶1} Appellant Kristia Fornash appeals from the August 21, 2019 judgment entry of the Canton Municipal Court. Appellee is the State of Ohio.

*Facts & Procedural History*

{¶2} On May 24, 2019, appellant was charged with one count of theft, in violation of R.C. 2913.02(A)(1), a misdemeanor of the first degree.

{¶3} The trial court held a jury trial on August 20, 2019. Appellee called Eric Budinski ("Budinski"), an asset protection officer at Walmart on Atlantic Boulevard in Canton, Ohio, who was working on May 23, 2019 at 7:30 p.m. Budinski testified that when he is watching the security cameras in the store, he is looking for signals of theft. He stated people sometimes act in unison together. Budinski observed the following: appellant selected a car battery; appellant and Elizabeth Welch ("Welch") were walking back and forth; Welch was looking around and posing as a lookout; appellant took the car battery and dropped it into Welch's purse; and they then walked out of the store. Budinski testified that: their actions appeared deliberate; they seemed to know each other; the battery retailed for about $60; Welch was looking around erratically as appellant selected a battery; appellant took the item off the shelf; and appellant dumped the battery into Welch's bag.

{¶4} Appellee introduced Exhibit 1, the store security camera video from the night of May 23, 2019. Budinski stated the video is a fair and accurate depiction of what he observed that night. He highlighted the portion of the video where appellant and Welch were together and where appellant placed the battery into the purse. Budinski testified he has observed hundreds of thefts on camera. The battery was recovered from Welch's

purse and they did not pay for the battery before walking out the door.  Budinski testified appellant and Welch admitted to the theft.

{¶5}   On cross-examination, Budinski stated there was no merchandise on appellant's person when she left the store.  Budinski did not give the prosecutor the video showing appellant and Welch walking out of the store.

{¶6}   Officer Timothy Thorn ("Thorn") works for the Canton Police Department.  He works at Walmart on a regular basis.  Thorn observed appellant and Welch moving through the store together and saw appellant conceal the merchandise in the purse.  Thorn saw appellant and Welch again move through the store together after they concealed the battery.  Thorn stated when someone conceals merchandise in a purse as opposed to placing it in a shopping cart, it is usually a good indicator that they are not going to pay for it, but Thorn generally waits until the person passes the point of purchase in case the person decides to pay for the item.  Appellee introduced Exhibit 2, the video from Thorn's body camera.  Thorn pulled the battery out of the purse that he observed appellant take off the shelf and place in the purse.  Thorn then placed appellant under arrest.  Thorn felt it was intentional that appellant put the battery in Welch's bag.  Thorn identified appellant for the record.

{¶7}   On cross-examination, Thorn confirmed he found the battery in Welch's purse.

{¶8}   The trial court admitted appellee's exhibits into the record.  After deliberation, the jury found appellant guilty.

{¶9}   The trial court issued an entry on August 21, 2019, stating the jury found appellant guilty of one count of theft pursuant to R.C. 2913.02(A) and imposing a jail

sentence of 180 days, with all but 35 days suspended on condition of appellant's good behavior for two years.

{¶10} Appellant appeals from the August 21, 2019 judgment entry of conviction and assigns the following as error:

{¶11} "I. APPELLANT'S CONVICTION WAS AGAINST THE MANIFEST WEIGHT AND SUFFICIENCY OF THE EVIDENCE."

I.

{¶12} Appellant contends her conviction was against the manifest weight and sufficiency of the evidence.

{¶13} The standard of review for a challenge to the sufficiency of the evidence is set forth in *State v. Jenks*, 61 Ohio St.3d 259, 574 N.E.2d 492 (1991), in which the Ohio Supreme Court held, "an appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt."

{¶14} In determining whether a conviction is against the manifest weight of the evidence, the court of appeals functions as the "thirteenth juror," and after "reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lots its way and created such a manifest miscarriage of justice that the conviction must be overturned and a new trial ordered." *State v. Thompkins*, 78 Ohio St.3d 380, 678

N.E.2d 541 (1997). Reversing a conviction as being against the manifest weight of the evidence and ordering a new trial should be reserved for only the "exceptional case in which the evidence weighs heavily against the conviction." *Id.*

{¶15} It is well-established, though, that the weight of the evidence and the credibility of the witnesses are determined by the trier of fact. *State v. Yarbrough*, 95 Ohio St.3d 227, 2002-Ohio-2126, 767 N.E.2d 216. The jury was free to accept or reject any and all of the evidence offered by the parties and assess the witness's credibility. *Id.*

{¶16} Appellant was found guilty of one count of theft pursuant to R.C. 2913.02(A)(1), which provides, in pertinent part:

No person, with purpose to deprive the owner of property or services, shall

knowingly obtain or exert control over either the property or services in any

of the following ways:

(1) Without the consent of the owner or person authorized to give consent.

{¶17} Appellant specifically argues that appellee failed to prove beyond a reasonable doubt that appellant controlled the automotive battery when it was taken from Walmart. Appellant contends the security footage showing appellant leave the store would have shown whether or not appellant had control of the battery when it was taken and thus, since appellee did not present this evidence, her conviction is against the manifest weight and sufficiency of the evidence.

{¶18} We disagree with appellant. After weighing the evidence and evaluating the credibility of the witnesses, with appropriate deference to the trier of fact's credibility determination, we cannot say that the jury clearly lost its way and created a manifest injustice with regard to the theft.

{¶19}  Budinski testified he observed appellant and Welch walking back and forth together, saw appellant select a car battery, saw appellant drop the battery into Welch's purse, and observed appellant walk out of the store with Welch.  Budinski stated sometimes people act in unison when taking items from Walmart and he observed Welch acting as a lookout as appellant dropped the battery into Welch's purse.  Budinski believed their actions together were deliberate and they seemed to know each other.  Thorn also observed appellant and Welch moving through the store together and observed appellant place the battery in Welch's purse.  Thorn additionally observed Welch and appellant move through the store together and leave the store together after concealing the battery in the purse and not paying for it.  Thorn believed appellant intentionally and deliberately placed the battery in Welch's purse.

{¶17}  The video shows appellant and Welch walking together and standing together by the car batteries as Welch looked around while appellant took the car battery off the shelf and placed it into Welch's purse.  The video then shows Welch and appellant walking away together.

{¶18}  Thorn testified the battery he observed appellant take from the shelf was found in Welch's purse.  Budinski testified the battery was recovered from Welch's purse and neither appellant nor Welch paid for the battery before walking out of the store.  Budinski stated both Welch and appellant admitted to the theft.

{¶19}  Similarly, we find that sufficient evidence exists to support appellant's conviction.  This is not the case where the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be overturned and a new trial ordered.

{¶20} The fact that appellant was not in possession of the battery in the parking lot is not determinative of whether she exerted control over the battery without consent. *State v. Brownlee,* 9th Dist. Summit No. 27255, 2015-Ohio-2616 (upholding theft conviction when appellant stood 15-20 feet from the person with the stolen merchandise in the cart); *State v. McKinney*, 11th Dist. Lake No. 2006-L-169, 2007-Ohio-3389 (stating, "that appellant did not physically carry the merchandise out of the store is immaterial, as the state presented sufficient evidence from which the jury could find that appellant exerted control over the stolen merchandise"); *State v. Knight*, 9th Dist. Lorain No. 11CA010034, 2012-Ohio-5816 (finding the State "presented sufficient evidence" that appellant "exerted control over the merchandise by loading it into a cart and pushing it to the front of the store with the intent to deprive the owner of it" and R.C. 2913.02(A)(1) does not require that an appellant cross into the parking lot with the merchandise before the appellant has violated the statute). Further, the lack of camera footage of appellant leaving the store does not render her conviction against the manifest weight or sufficiency of the evidence, given the testimony of the witnesses at trial. See *State v. Finfrock*, 3rd Dist. Allen No. 1-18-42, 1-18-43, 1-18-44 (overruling appellant's manifest weight argument when the asset protection officer testified to what he observed on the security system video).

{¶21} In *State v. Frank*, this Court found that there was sufficient evidence and a theft conviction was not against the manifest weight of the evidence when the appellant aided and abetted the theft by boxing up pottery that was taken and in pointing out which pottery the other person should take without consent. 5th Dist. Muskingum No. CT2017-0102, 2018-Ohio-5148. In this case, appellee presented sufficient evidence from which

the jury could find that appellant exerted control over the stolen merchandise and that she knew she was stealing when she and Welch left the store without paying for the battery. Both Budinski and Thorn testified they observed appellant exert control over the car battery by placing it in Welch's purse. Further, both Budinski and Thorn testified that, based upon their observations, appellant and Welch were working in unison and they were deliberately working together. Additionally, Budinski testified both Welch and appellant admitted to the theft of the battery. The weight of the evidence and the credibility of the witnesses are determined by the trier of fact. *State v. Yarbrough*, 95 Ohio St.3d 227, 2002-Ohio-2126, 767 N.E.2d 216.

Upon our review of the entire record, we find appellant's theft conviction is supported by sufficient evidence and is not against the manifest weight of the evidence. Appellant's assignment of error is overruled.

{¶21} The August 21, 2019 judgment entry of the Canton Municipal Court is affirmed.

By: Gwin, P.J.,

Delaney, J., and

Wise, Earle, J., concur